### George Lott v. The State.

No. 7237.   Decided May 2, 1923.

Rehearing Denied June 13, 1923.

1.—Transporting Intoxicating Liquor—Federal Law.

The contention that the so-called Dean law of this State is in conflict with the Volstead Act of our national Congress has been adversely decided and settled against the defendant. Following Ex Parte Gilmore, 228 S. W. Rep., 199.

.2.—Same—Search and Seizure—Practice on Appeal.

The contention that the officers who made the seizure of the liquor had no search warrant and such testimony was illegally obtained has been decided against the defendant. Following Welchek v. State, 247 S. W. Rep., 524.

3.—Same—Indictment—Purpose of Sale.

It is not necessary to allege in an indictment for the transportation of intoxicating liquor that the liquor was transported for the purpose of sale. Following Stringer v. State, 241 S. W. Rep., 159, and other cases.

4.—Same—Suspended Sentence—Statutes Construed.

Where, upon trial of unlawfully transporting intoxicating liquor, the defendant was over the age of twenty-five years at the time of the commission of the alleged offense, there was no error in declining to submit to the jury his right to the benefit of the suspended sentence law.

5.—Same—Sufficiency of the Evidence.

Where, upon trial of unlawfully transporting intoxicating liquor, the evidence sustained the conviction, there is no reversible error.

6.—Same—Rehearing—Indictment—Unlawful.

Where the State alleged in the indictment that the transportation was unlawful, it was not required to prove that the liquor was being transported for none of the excepted purposes, nor was it required to negative the exceptions in the statutes.

Appeal from the District Court of Webb. Tried below before the Honorable J. F. Mullally.·

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

*Pope, Pope & Pope,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Webb County of the offense of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

There is no dispute of the fact that about the date alleged in the indictment appellant was accosted and arrested by some officers while driving a car along a public road in Webb County. Upon search it was discovered that in said car were one hundred and ninety-nine bottles of tequila, which was shown by testimony to be an intoxicating spirituous liquor. The only defense interposed by appellant was that he met a man by the name of Sanchez who asked him if he would take this liquor and carry it down the road and leave it at a certain designated point beyond the town of Encinal, and he was transporting it in pursuance of said agreement and that he had no financial interest in the transaction whatever. Most of the questions that are raised by appellant's brief and record have

been disposed of by us in our opinions in other cases involving substantially the same questions.

By his bill of exceptions No. 1 appellant presents the proposition that the Dean law, by which name the law of this State forbidding the manufacture, transportation, etc., of intoxicating liquor, is commonly called,—is in conflict with the Volstead Act of our National Congress. We discuss this no further than to say that it has been settled against appellant in the case of Ex parte Gilmore, 88 Texas Crim. Rep., 529, 228 S. W. Rep. 199.

Appellant complains by his bills of exception Nos. 2, 3, and 4 of the admission of the testimony of the officers who arrested him and searched his car, upon the ground that they had no search warrant and such testimony was illegally obtained and admitted. We have settled these contentions against him in the case of Welchek v. State, 93 Texas Crim. Rep., 271, 247 S. W. Rep., 524.

By his bills of exception Nos. 5, 6 and 7 appellant raises the question in various ways that the transportation to be sufficiently charged and to be a violation of the law, must be alleged and proven to have been for the purpose of sale. The cases of Stringer v. State, 92 Texas Crim. Rep., 46, 241 S. W. Rep., 159, and Crowley v. State, 92 Texas Crim. Rep., 103, 242 S. W. Rep. 472, are decisive of these questions against appellant's contention.

The testimony in the record showing beyond dispute that appellant was over the age of twenty-five years at the time of the commission of the alleged offense, it was not erroneous for the trial court to decline to submit to the jury his right to the benefit of the suspended sentence law. Davis v. State, 93 Texas Crim. Rep., 192, 246 S. W. Rep. 395; Robinson v. State, 92 Texas Crim. Rep., 527, 244 S. W. Rep. 599.

The evidence fully supporting the proposition that appellant was engaged in the illegal transportation of intoxicating liquor, and the jury having adjudged him guilty, and the record containing no reversible error, an affirmance must be ordered.

*Affirmed.*

ON REHEARING.

June 13, 1923.

HAWKINS, JUDGE.—The indictment alleged that appellant "unlawfully transported spirituous and vinous liquor capable of producing intoxication."

The contention is made upon motion for rehearing that,—as Article 588¼ Vernon's Penal Code, 1922, Supp., (Acts 37th Leg. 1st C. S., 1921) denounces as unlawful the tranportation of intoxicating liquor, and as Article 588¼a1 permits such transportation for certain excepted purposes, and as the State elected to charge that the transportation in the instant case was "unlawful,"—the State was

required to prove that the liquor was being transported for none of the excepted purposes. The position is not tenable. Even before the statute was amended, and when it was necessary for the State to negative the exceptions, we held the burden to be on the defendant to show that he came within one of the statutory exceptions. Robert v. State, 90 Tex. Cr. Rep., 133, 234 S. W. Rep., 89; Shaddix v. State, 90 Tex. Cr. Rep., 431, 235 S. W. Rep., 602; Evans v. State, 91 Texas Crim. Rep., 646, 241 S. W. Rep., 148. The rule there announced applies with more force under the present statute where the exceptions are not descriptive of the offense, and therefore the state is not required to negative them in charging the offense or in making its proof.

The motion for rehearing is overruled.

*Overruled.*