## SANTOS SALINAS v. THE STATE.

### No. 7814. Decided October 3, 1923.

1.—Transporting Intoxicating Liquor—Indictment—Transportation—Affirmative Evidence.

Where, upon trial of unlawfully transporting intoxicating liquor, defendant declared in his testimony his intention to sell the liquor and that he was paid for transporting it, the objection that the State must show that the liquor was unlawfully transported, if sound, was met by the proof. Following Lott v. State, 251 S. W. Rep., 1070.

2.—Same—Motion for New Trial—Practice in Trial Court.

Where the facts set up in the motion for a new trial were controverted bp the District Attorney by written pleading, and the record showed that evidence was heard by the court, which does not appear in the record on appeal, it must be presumed that the court properly overruled the motion.

3.—Same—Statement of Facts—Practice on Appeal.

Where the alleged statement of facts on motion for a new trial was not filed during term time the same cannot be considered on appeal. Following Black v. State, 41 Texas Crim. Rep., 185.

Appeal from the District Court of Webb. Tried below before the Honorable J. F. Mullally.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Pope, Pope & Pope* for appellant. On the question of the insufficiency of evidence, Martinez v. State, 103 S. W. Rep., 930; Robin-

son v. State, 132 id., 944; Tucker v. State, 128 id., 617; Melton v. State, 124 id., 911; Wade v. State, 108 id., 677; Poston v. State, 126 id., 1148.

*R. G. Storey*, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

The indictment charges that Santos Salinas "did then and there unlawfully transport spirituous and vinous liquor capable of producing intoxication."

From the State's testimony, it appears that officers camping in Webb County were made aware that automobiles were approaching. They endeavored to cause the drivers of the cars to stop and fired at them for this purpose, but the cars refusing to stop, the officers pursued and finally overtook them. One of the automobiles was driven by the appellant and in it were found 234 quarts of tequila. The other car was driven by one Garcia, in which were found 159 quarts of tequila.

Appellant testified that he was misled in bringing the tequila over the border; that he was paid forty-five dollars for doing so; that it was delivered to him sixteen miles from Laredo. He did not know the name of the parties who delivered the liquor to him. One of them, however, was called "El Chango." About 5:00 or 5:30 o'clock in the morning, he took his car to a point near the river, and about 7:00 o'clock the liquor was put into it. On the previous night, he slept in Nuevo Laredo, where he lived. He received the liquor in Webb County, just below the Espejo, and was told to take it to Hebbronville or San Diego, or wherever he could get the best price for it, and sell it and return on the train.

In the motion for new trial, the point is made that inasmuch as the indictment charging the offense used the word "unlawfully," it became incumbent upon the State to prove by affirmative testimony that the transportation was for an unlawful purpose. Since appellant, in his testimony, declared his intention to sell the liquor to the best advantage, and that he was paid for transporting it, it would seem that even if the point was sound, it was met by the proof. Under the facts, however, the point is not deemed sound. Lott v. State, 94 Texas Crim. Rep. 630, 251 S. W. Rep. 1070.

The motion for new trial contains an averment showing that appellant was a youth nineteen years of age and a citizen of the Republic of Mexico; that he was not aware that he was engaged in an illegal act; that no attorney was appointed to inform him of the suspended sentence law and to explain it; that the clerk of the court made out

the application for a suspended sentence, but that appellant was unable to speak or understand English; that he knew nothing of the meaning of the application and made no effort to prove his character; that this could have been done by competent witnesses. The motion is signed by appellant and sworn to by him. The facts set up in the motion were controverted by pleading filed by the district attorney. The order overruling the motion for new trial shows that in passing on the motion evidence was heard by the court. The evidence is not before this court and it has no choice but to assume, in support of the judgment, that the facts heard by the trial court were favorable to the State and that in overruling the motion it acted upon sufficient evidence.

Among the papers there is found a document denominated "statement of facts on motion for new trial." It was not filed during the term, but several weeks after its expiration. It cannot therefore be considered. Black v. State, 41 Texas Crim. Rep. 185.

The judgment is affirmed.

*Affirmed.*