## Alossio Copello v. The State.

### No. 7722.   Decided October 3, 1923.

**1.—Transporting Intoxicating Liquor—Sufficiency of the Evidence.**

Where, upon trial of unlawfully transporting intoxicating liquor, the evidence supported the conviction there is no reversible error.   Following Robert v. State, 90 Texas Crim. Rep., 133, and other cases.

**2.—Same—Indictment—Several Counts—Practice in Trial Court—Verdict.**

Where the indictment contained two counts, and the count charging transportation was alone submitted to the jury, and there was evidence supporting the same, a general verdict of guilty was properly applied to said count.

**3.—Same—Indictment—Descriptive Averments.**

The part of the indictment descriptive of the liquor was sufficient. Following Tucker v. State, 94 Texas Crim. Rep., 505, 251 S. W. Rep., 1090.

**4.—Same—Evidence—Search and Seizure.**

The testimony of the sheriff that he found a pint of whisky in the home of defendant was not rendered incompetent on account of the method by which the sheriff ascertained the facts.   Following Welcheck v. State, 93 Texas Crim. Rep., 271.

Appeal from the District Court of Palo Pinto.   Tried below before the Honorable J. B. Keith.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, two years imprisonment in the penalty.

The opinion states the case.

*Ritchie & Ranspot* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for transporting intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

According to the uncontroverted testimony, appellant carried a sack containing two gallons and one quart of whisky in jugs.   This he brought to his dwelling-house after carrying it a mile and a half. In his testimony he said that a man named Calleto gave the sack to him to bring to his house; that he did not know the whereabouts of Calleto, but was told by him that the jugs contained Grapo.   Appellant also said that he did not intend to sell the whisky; that he did not know the sack contained whisky.

Appellant's reputation for truth and veracity and as a law-abiding citizen was good.

We are constrained to believe that the evidence supports the conviction. The distance shown by the evidence and such quantity of whisky as was in appellant's possession put upon appellant the burden of introducing upon his trial some testimony to the effect that the conveyance of the liquor was for some purpose permitted by law. See Lott v. State, 94 Texas Crim. Rep., 630, 251 S. W. Rep., 1070; Robert v. State, 90 Texas Crim. Rep. 133.

The indictment contains two counts, namely: that appellant unlawfully transported liquor capable of producing intoxication and that he possessed for the purpose of sale liquor capable of producing intoxication. The count charging transportation was alone submitted to the jury. There was evidence supporting this averment, and a general verdict of guilty as charged was properly applied to the count under which the accused was tried.

The part of the indictment descriptive of the liquor was like that held sufficient in the case of Tucker v. State, 94 Texas Crim. Rep. 505, 251 S. W. Rep. 1090.

The testimony of the sheriff to the effect that he found a pint of whisky in the home of appellant was not rendered incompetent on account of the method by which the sheriff ascertained the facts. See Welchek v. State, 93 Texas Crim. Rep. 271, 247 S. W. Rep., 524.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*