ALVIN MORRIS v. THE STATE.

No. 21752. Delivered April 15, 1942.
Rehearing Denied May 27, 1942.

The opinion states the case.

*Joe S. Moss,* of Post, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The original opinion in this case delivered on November 19, 1941, is hereby withdrawn and the following opinion is substituted in lieu thereof.

The appellant was assessed a penalty of ninety days in jail upon a charge that he did "unlawfully and wilfully desert, neglect and refuse to provide for the support and maintenance" of his four children who were alleged to be under the age of sixteen years.

In submitting the case to the jury the court in the first paragraph of his charge recounted the provisions of the indictment alleging that he did "unlawfully and wilfully desert, neglect and refuse * * *" to support his children. In the third paragraph he instructed them that if they believed the defendant did "as charged in the indictment wilfully desert" the said children, "you will find him guilty *as charged in the indictment*," and followed this by stating the punishment povided by law.

In our original opinion it was held that the charge submitted to the jury the issues of desertion, negligence and failure to support his children and that the jury's verdict, being responsive thereto, called for a judgment that would include the three. In his motion for rehearing appellant accepts this conclusion as correct and then relies on other grounds for a rehearing which will not be discussed because our conclusion herein eliminates the necessity therefor. Upon a further consideration of the question originally presented we believe that we were in error in the original opinion insofar as we directed that the judgment should be reformed and that order we withdraw.

We have quoted sufficiently from the court's charge to show that he really submitted to the jury only the question of wilful desertion and that the questions of neglect and failure to support were not submitted to the jury at all. These charges were laid in the indictment, but, after hearing the evidence on all of them, the court submitted only the one question as stated. When the jury returned their verdict finding the defendant guilty "as charged in the indictment" their verdict must be and is, under the authorities, limited to a finding on that which was submitted to them by the court's charge. Chappel v. State, 126 S. W. 274; Wright v. State, 98 Cr. Rep. 513, 266 S. W. 783; Parks v. State, 29 Tex. Cr. Rep. 597.

In the Parks case it was said by Judge Davidson:

"Where there are several counts in an indictment, and the court limits the jury in their finding to one of said counts only, it is tantamount to an election by the State to rely upon that count alone."

The jury found by their verdict that the defendant was guilty "as charged in the indictment." Judge Davidson said that this presented no error. "The court informed the jury that appellant was being tried for theft, and limited them in their finding to that offense alone, and the verdict is responsive to the charge, as well as to the indictment."

In the Chappel case Judge Ramsey said:

"Under the charge of the court, the jury were instructed to disregard the first count, and base their verdict solely upon the second count. Thereafter they returned into court the following verdict: 'We, the jury, find the defendant guilty as charged in the indictment, and assess his punishment at confinement in the penitentiary for a term of two years. (signed) C. C. Grubbs, Foreman.' Under the law this verdict would apply and relate to the count in the indictment submitted to them and was a finding of guilt in respect to the second count in the indictment."

Judge Hawkins considered the same question in the Wright case and from it we quote the following:

"The indictment contained two counts; the first charged burglary, the second receiving stolen property. The count for burglary was alone submitted to the jury. The verdict found appellant 'guilty as charged in the indictment.' Upon this verdict he was adjudged guilty of burglary. The sentence conforms to the judgment. The point is made that the verdict being general it will not support the judgment for the specific offense of burglary. * * * The authorities upon this point will be found collated upon page 332, Branch's Ann. P. C. The very point raised by appellant was decided adversely to him in Parks v. State, 29 Tex. App. 597, 16 S. W. 532, it being therein held that, where there are several counts in an indictment, and the charge of the court limits the jury in their finding to one count only, it is tantamount to an election by the State to rely upon that count alone, and a verdict in such case finding the defendant guilty as charged in the indictment will be construed to have reference to the count submitted. Copello v.

State, 95 Tex. Cr. R. 306, 254 S. W. 973, is in accord with such holding."

Based upon the foregoing authorities we now conclude that the judgment entered was in accord with a proper construction of the verdict which the jury returned and is proper.

Contention is made that the foregoing verdict was contrary to the law and the facts in that there was no evidence to support a conclusion that appellant was obligated to support his children. As we now construe the verdict and as the judgment is entered he was not convicted for failure to support his children, and a consideration of this issue is eliminated. For the same reasons, all issues raised relative to failure to support are likewise eliminated.

The only bill of exception in the record complains of the evidence of Mrs. Alvin Morris, wife of the defendant, who testifies to the necessitous condition of the children. Error is predicated on the proposition that it was not pertinent to the one issue which appellant contends was submitted to the jury and that it was inflammatory. During the trial all terms of the indictment were before the court and no election appears to have been made by the State until the charge of the court was read to the jury. However, we do not think that the authorities cited by appellant are pertinent. It is all a part of the same transaction. Had desertion been the only charge against him, this, nevertheless, would have been proper evidence, though not essential to the State's case. To illustrate, he might have been convicted upon a showing of desertion even though the children were taken care of by some other means; yet, if that is a part of the transaction for which he is charged, meaning that if it is a part of the surrounding circumstance under which the desertion took place and not a separate and distinct thing, it may become proper evidence, though not necessary to the conviction. In this case we consider the same a proper surrounding circumstance for the jury. Furthermore, appellant is not in position to complain of this evidence even though the court's charge and the jury's verdict should be limited to the offense of desertion. The evidence was admissible under the indictment. If the State had thereafter elected to prosecute on desertion alone, then it would have been incumbent on appellant to ask the court to withdraw this evidence from the jury, otherwise he would not be in position to complain on appeal of his failure

to do so. No such motion was made and the matter is not before us.

All other matters not herein discussed are overruled.

There being no error in the ruling of the court and finding that the judgment conforms to the verdict of the jury, it is now ordered that the judgment of the trial court be and the same is hereby affirmed.

## ON MOTION FOR REHEARING.

DAVIDSON, Judge.

It has long been deemed proper, though not always necessary, for a trial court, in his charge to the jury, to explain or to define the elements or ingredients of the offense against the accused, by a reference to the allegations of the indictment and the statute under which the prosecution is conducted. 24 Tex. Jur. 556; Davis v. State, 10 Tex. App. 31; Simons v. State, 34 S. W. 619; Asner v. State, 136 S. W. (2d) 822, 138 Tex. Cr. R. 420. It is incumbent upon trial courts, in felony cases, to make an application of the law to the facts in the charge to the jury. Henry v. State, 149 S. W. (2d) 115, 141 Tex. Cr. R. 486; Murphy v. State, 95 S. W. (2d) 133, 130 Tex. Cr. R. 610; Lockhart v. State, 63 S. W. (2d) 299, 124 Tex. Cr. R. 401. In keeping with this rule, the trial court, in the instant case, instructed the jury that the indictment charged that appellant did wilfully desert, neglect and refuse to provide for the support of his children, and that it constituted a violation of the law for a father to wilfully desert, neglect, or refuse to provide for the support and maintenance of his children under sixteen years of age. However, when the trial court came to apply the law to the facts, appellant's conviction was made to depend, alone, upon the jury's believing, beyond a reasonable doubt, that he did wilfully desert his children, as charged in the indictment; and the jury were instructed that, if they so believed they were to find appellant guilty as "charged in the indictment." The jury's verdict found appellant guilty as "charged in the indictment."

Appellant insisted, upon the original submission of this case, and, in his motion for rehearing, he still insists, that, under the charge as a whole, such a verdict constituted a finding by the jury that he was guilty not only of wilfully deserting his children but also of wilfully neglecting and failing to pro-

vide for their support and maintenance; and that, inasmuch as the evidence was insufficient to show him guilty of wilfully failing to support his children, the verdict should be set aside and a new trial granted.

The fallacy of appellant's position is demonstrated when it is noted that only one issue of fact was before the jury for their consideration, namely: whether appellant did willfully desert his children. The verdict, therefore, applied only to a finding upon that issue. No other issue was submitted to the jury. The evidence supported the jury's finding upon that issue.

Parents are morally obligated not only to support and to maintain their children, but also to bestow upon them parental care, affection and protection. No man has the moral right to wilfully desert his children. Whether such children do or do not have, or whether they are or are not provided with, the necessities of life, for their maintenance, is immaterial and beside the question. The Legislature, in the enactment of the desertion feature of the statute (Art. 602, P. C.), under which this prosecution is maintained, intended that no man, rich or poor, should have the legal right to deliberately, intentionally, and without justification or excuse, desert his children under the age of sixteen years. This the jury found the appellant had done.

Appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.