## EUGENE WILLS V. THE STATE.

No. 22556. Delivered June 16, 1943.
Rehearing Denied January 5, 1944.
Request for Leave to File Second Motion for Rehearing Denied (Without Written Opinion) January 19, 1944.

The opinion states the case.

*K. W. Stephenson,* of Orange, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was given a two year sentence in the penitentiary for the desertion of his children.

The record is before us without bills of exception. There are exceptions to the court's charge and requested charges which were not given but we find that the main charge contained substantially the same things as requested and that it submits to the jury all issues raised by the evidence.

There could be no contention about the sufficiency of the evidence to support the jury's verdict. The heart rending story of financial want of his five children left, the helplessness of their invalid mother, and the circumstances under which appellant left them about a week after the burial of their baby, accompanied by his fifteen year old daughter and another woman with whom he was accused of unlawfully cohabiting—all of whom stayed in Saint Louis for several months before returning to Orange—is the State's picture of the case. The daughter, the woman, and appellant eventually returned but no support is shown to have been given to the children, who were eventually sent to the State orphans' home. The daughter married and took her mother out of the county home for a short while and sent her to her rather helpless father and mother. All of this and more is supported by evidence produced by the State.

As a defense, the daughter testified to the misconduct of her mother, her association with other men, and her abuse of appellant. As a further defense he sought to involve another man as well as to show that his wife was a common character, though she had been paralyzed and practically an invalid since the birth of the fifth of eight children born to them. He testified and produced witnesses who gave evidence along this line, making a strenuous defense to the charge that he deserted his wife, none of which had any bearing on the one issue which the court submitted to the jury—child desertion.

It would be difficult to find a record of greater financial want and immoral implications than that contained in the one before us. That the wife, the mother of the children, was physically an invalid, in temper impossible, and morally unfit had support in the evidence but was of no probative force to excuse the conduct of appellant or make for him a defense to the charge for which he was convicted. He admits he was the father of the children and his claim of efforts to support them is inconsequential. The children are entitled to parental care and support. If the mother be unfit and unable, as the father contends, his responsibility, in law, is none the less and, in fact, his conduct more reprehensible. He left them with her. The question of his guilt is supported by the evidence and the heavy penalty assessed is a matter for the jury to determine.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

The submission of the case seems to be misunderstood. The State elected to prosecute on the second count in the indictment charging that defendant did "unlawfully and wilfully desert, neglect and refuse to provide for the support * * *" of his minor children named. The jury's verdict reads: "We, the jury, find Eugene Wills guilty of child desertion as charged in the indictment, and assesses his punishment at confinement in the State penitentiary for a term of two (2) years." This eliminates all questions, save and except child desertion. The only defense to that is that his wife cursed him and told him to leave. Facts constituting desertion are admitted by appellant.

Appellant complains because the trial court refused to give to the jury two requested special instructions. The first one thereof embodied the idea that if appellant's wife had ordered him to leave home, and such was the cause of his desertion of his children, then they should acquit appellant. We do not subscribe to this doctrine. We do not think the acts of the wife, as herein shown, could legally justify a father in the desertion of his children. See Morris v. State, 161 S. W. (2d) 1090, (on motion); Smith v. Givens, 97 S. W. (2d) 532; Rainwater v. State, 141 S. W. (2d) 364; 143 S. W. (2d) 958.

The second requested charge is immaterial since the same relates to appellant's ability to support his chillren. The jury

found him guilty merely of desertion and not of a failure to support his children.

The question of desertion is independent of the question of the failure to support. Williams v. State, 232 S. W. 507. The attention which he gave to his children long after his return from St. Louis, after he had been seeing them on the streets and in the alleys and after proceedings were instituted to send them to the State Home, came too late and will not avail to excuse his admitted acts constituting desertion.

The motion is therefore overruled.