John Arthur MILLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 43903.

Court of Criminal Appeals of Texas.

June 9, 1971.

Rehearing Denied July 28, 1971.

John M. Anderson, Fort Worth (on appeal only), for appellant.

Frank Coffey, Dist. Atty., Jack Ball, Roger Crampton and John Garrett Hill, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of heroin; the punishment, twenty-five (25) years.

In this bifurcated trial, appellant plead guilty before a jury. His sole contention on appeal is that the trial court erred in permitting the State to introduce evidence of extraneous offenses.

Pursuant to a valid search warrant, Fort Worth narcotics officers entered appellant's apartment. In the apartment they found a small packet of heroin, a small green balloon containing heroin, three barbiturate capsules, and two hand-rolled cigarettes. At the trial appellant stipulated that the packet and balloon contained heroin and that they were in his possession at his apartment. He objected to the admission of the barbiturate and the cigarettes.

The State was allowed to introduce the barbiturate into evidence and to identify them as such. After much discussion in front of the jury regarding the hand-rolled cigarettes, which were exhibited to the jury, the trial court sustained appellant's objection to their admission into evidence and refused to allow the chemist to tell what they contained.

The State's attorney, in his final argument, said: "The only evidence in this case shows that this man did in fact possess marihuana." No objection was made to this argument.

In a prosecution for possession of illegal drugs or narcotics, other illegal drugs or narcotics found at the same time and place are admissible, as they are part of the res gestae of the offense. Beeler v. State, Tex.Cr.App., 374 S.W.2d 237, cert. denied; 379 U.S. 847, 85 S.Ct. 88, 13 L.Ed.2d 51. This rule applies even when the appellant pleads guilty. Compare Asay v. State, Tex.Cr.App., 456 S.W.2d 903 and Salinas v. State, 95 Tex.Cr.R. 309, 254 S.W. 974. As was said in Asay, supra:

"The State's right to introduce evidence is not restricted by entry of a plea of guilty by the defendant, or by his admission of facts sought to be proved. Brookens v. State, Tex.Cr.App., 438 S.W.2d 577; Whan v. State, Tex.Cr.App., 438 S.W.2d 918; 56 Tex.Jur.2d, Trial, Sec. 130; Beard v. State, 146 Tex.Cr.R. 96, 171 S.W.2d 869. There is no limit, either by statutory direction or judicial interpretation, upon the kind, character or amount of relevant testimony which the State may introduce upon a plea of guilty. Whan v. State, supra; Booker v. State, 124 Tex.Cr.R. 562, 63 S.W.2d 1033."

Thus, the barbiturates and marihuana were proper evidence. Appellant's ground of error is overruled.

Finding no reversible error, the judgment is affirmed.