Patricia Elizabeth PENN, Appellant,

v.

STATE of Texas, Appellee.

No. C14–81–303–CR.

Court of Appeals of Texas, Houston (14th Dist.).

April 22, 1982.

Lon Harper, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MORSE, Justice.

This is an appeal from a conviction for Credit Card Abuse. After trial by jury, the court assessed punishment at ten (10) years probation and restitution of $6,200. We affirm the judgment of the trial court.

■ It first becomes necessary to address the jurisdictional question in this case. In a one page instrument, appellant was indicted on four counts of credit card abuse in violation of Tex.Penal Code Ann. § 32.31 (Vernon 1974). The first count alleges, in separate paragraphs, two offenses. However,

the jury was charged on only the first paragraph which alleged that appellant stole a Gulf Travel Card, owned by James W. Cunningham, in violation of Tex.Penal Code Ann. § 32.31(b)(4) (Vernon 1974). This amounts to an election by the State to proceed only on this first offense charged in count one, and the State has waived the offense charged in the second paragraph of count one. *Morris v. State*, 144 Tex.Cr.R. 228, 161 S.W.2d 1090 (1942).

■ The jury was also charged on counts two and four which alleged that appellant violated § 32.31(b)(4) in appropriating the Gulf Travel Cards owned by Robert L. Thayer and Willouise Glass. There was no jury charge as to the third count since it was abandoned by the State. The jury returned a verdict which found appellant guilty of the first, second and fourth counts. However, although the judgment correctly recites that the State abandoned the charges in the third count and the second paragraph of the first count, the judgment goes on to state that appellant was on trial for only count one of the indictment and that "the Defendant is guilty of the offense of credit card abuse as charged in count one of the indictment." The State points out that the docket sheet states that appellant was found guilty and assessed a ten year sentence on counts one, two and four. The State therefore contends that the judgment should be reformed to reflect the docket sheet.

■ Where this court has the necessary data and evidence before it for reformation, the judgment and sentence may be reformed upon appeal. *Tamez v. State*, 620 S.W.2d 586 (Tex.Cr.App.1981); *Knight v. State*, 581 S.W.2d 692 (Tex.Cr.App.1979). However, we do not have the necessary data before us which is needed to reform the judgment in this case. Although the jury's verdict found appellant guilty on counts one, two and four, an examination of the record does not indicate a judgment was entered as to each count, but only as to the first count. Tex.Penal Code Ann. § 3.03 (Vernon 1974) states:

When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, *sentence for each offense for which he has been found guilty shall be pronounced.* Such sentences shall run concurrently. [Emphasis added]

In the case at bar, the trial court may have failed to enter a judgment for each offense for which appellant was found guilty as required by § 3.03. The record reflects that at sentencing the trial court stated:

THE COURT: All right, Cause No. 320,571, the State of Texas versus Patricia Elizabeth Penn, having previously been adjudged to be guilty of the offense of abuse of a credit card, a felony, the Court assesses your punishment at ten years' confinement in the Texas Department of Corrections. However, it appearing to the satisfaction of the Court that the ends of justice and the best interests of the public as well as you, Ms. Penn, would be served thereby, the Court is going to suspend the imposition of sentence and place you on adult probation for a period of ten years so long as you comply with the following terms and conditions of probation. . . .

The only indication as to how the ten year sentence was allocated among the three offenses is in the judgment which states:

It is therefore considered, ordered, and adjudged by the Court that the *Defendant is guilty of the offense of credit card abuse as charged in count one of the indictment a felony,* as found by the jury, and that the said Defendant committed the said offense on the 20th day of December 1980, *and that he (sic) be punished by confinement in the Texas Department of Corrections for 10 years,* and that the State of Texas do have and recover of the Defendant all costs of the prosecution, for which execution will issue, and that the Defendant be remanded to jail to wait the further orders of this Court. [Emphasis added]

A reading of the judgment clearly indicates that the ten year sentence is applicable to the first count of the indictment. A conviction under count one is a third degree felony with possible confinement of "not more than 10 years or less than 2 years." The punishment assessed appellant is within the permissible range of punishment for the offense alleged under count one. The result would be the same even if the judgment did not state that the 10 year sentence was to apply to count one. In a situation where the court is unable to determine to which count in the indictment a single sentence was pronounced, the judgment and sentence are applicable to the first count of the indictment. *Robinson v. State,* 553 S.W.2d 371 (Tex.Cr.App.1977). Since there is no judgment in the record before us applicable to counts two and four of the indictment as required by § 3.03, any appeal relative thereto must be dismissed. *Robinson v. State, supra.* If the trial court has not already done so, it may now enter judgment as to counts two and four, and thereafter appellant can appeal the judgment as to these counts if she so desires. *Parks v. State,* 553 S.W.2d 114 (Tex.Cr.App. 1977).

■ The State also contends that appellant failed to give a timely notice of appeal as required by Tex.Code Crim.Proc. Art. 44.08 (Vernon 1979). The State points out that appellant stated in her notice of appeal she had been "sentenced" on December 22, 1980, when in reality imposition of sentence had been suspended. We find that appellant's compliance with the requirements of Art. 44.08 was sufficient to give adequate notice of appeal and to confer jurisdiction upon this court.

■ Appellant comes before this court with a single point of error. This is a circumstantial evidence case, and appellant contends that the evidence was insufficient as a matter of law to support said conviction. Since we have already dismissed the appeal as to counts two and four, we will only address the issue as to whether the evidence is insufficient to support the conviction under the first paragraph of count one of the indictment. Said paragraph alleges that appellant stole the Gulf credit card owned by James Cunningham in violation of § 32.31(b)(4).

On December 20, 1979, Mrs. Cunningham used her husband's credit card to purchase gasoline at a local Super Quick Gulf station. She was waited on by a woman with short blond hair. Although Mrs. Cunningham testified that she would not be able to remember the woman's face, she was able in court to identify appellant's hair coloring and style as that of the woman at the Gulf station. A few days later, Mrs. Cunningham realized that her Gulf card was missing. She then returned to said Gulf station where she was informed by a different woman that there was no report of her card having been found. The Cunningham's December, 1979, billing had approximately $700 charged to their Gulf Travel card.

The Personnel Manager for National Convenience Stores, Debbie Brewer, testified that appellant was hired on December 17, 1979, that appellant spent two days in training at other stores, and that December 20, 1979, was appellant's first day of work at said Super Quick Gulf store. Ms. Brewer further testified that appellant was working with another employee on December 20, and that she worked the night shift, 10 P.M. until 7:30 A.M.

Larry Vaughn, the District Supervisor for National Convenience Stores testified that it was the policy of Gulf Oil Company to charge back to the store any worthless credit card receipts which resulted from stolen credit cards of which the store had been notified. On February 27, 1980, he became aware of numerous December and January chargebacks resulting from the use of a credit card owned by Robert Thayer. He found that numerous gas charge slips on this card had been made on the days and during the shifts which appellant worked. Company policy required the employee accepting the credit card purchase to initial each charge slip received by them. Appellant's initials were found on most of the credit slips charged on Mr. Thayer's card. Mr. Vaughn proceeded with further investigation and on about March 1, he discovered that the credit card owned by James Cunningham was also being used although it had been reported to Gulf as stolen. Thereafter, on the night of March 5–6, 1980, Mr. Vaughn put the store under surveillance by himself, his supervisor and another of the store clerks. They positioned themselves across the street with binoculars so that they could see the cash register and the credit card machine. Mr. Vaughn testified that appellant was working alone and that about 2 A.M., on March 6, when the parking lot was totally empty, she removed "a white plate" from her back pocket, used the credit card machine, and then removed money from the cash register. According to Mr. Vaughn, appellant went through this procedure four times while she was under surveillance. After appellant went off duty at 7:30 A.M., Mr. Vaughn returned to the station, went through her credit card slips and found one each made out to Robert Thayer and James Cunningham. Later that day, charges were filed against appellant, and at about 2 A.M. on March 7, 1980, Mr. Vaughn and the police went to the store and arrested appellant. The police officer searched appellant and in her left rear pocket were four credit cards, including those of Robert Thayer and James Cunningham.

■ In determining whether the circumstantial evidence is sufficient to sustain the conviction, each case must be tested by its own facts. *Flores v. State*, 551 S.W.2d 364 (Tex.Cr.App.1977). A conviction based upon circumstantial evidence cannot be sustained unless the circumstances exclude every other reasonable hypothesis except that of the guilt of defendant and proof amounting only to a strong suspicion is insufficient. *Moore v. State*, 532 S.W.2d 333 (Tex.Cr.App.1976); *Flores v. State, supra*. However, where the defendant is found in the unexplained possession of recently stolen property, an inference or presumption arises that the defendant is guilty of the theft of the property. In *Prodan v. State*, 574 S.W.2d 100 (Tex.Cr.App.1978), the Texas Court of Criminal Appeals stated:

Evidence that the defendant had the personal, unexplained possession of property recently stolen is sufficient to raise a presumption or inference of guilt and to sustain his conviction for theft of that property. See, e.g., *Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37

L.Ed.2d 380 (1973); *Sirabella v. State*, 492 S.W.2d 571 (Tex.Cr.App.1973); *Smith v. State*, 518 S.W.2d 823 (Tex.Cr.App. 1975). However, evidence that a defendant had the personal possession of property recently stolen is not sufficient to sustain his conviction for theft of that property if when he was first directly or circumstantially called upon to explain his possession of the property he made a reasonable explanation which is not refuted, showing his honest acquisition of the property. *Smith v. State, supra.* In the case at bar, there is undisputed evidence that appellant was in possession of the stolen credit cards at the time of her arrest. She attempted to explain her possession of the credit cards by testifying that she had repossessed the cards "earlier that night" (i.e. March 6–7) from a man who offered to give her five dollars if she would "run them off" for him and give him the cash. However, this explanation failed to explain the repeated use of the cards between December 20, 1979, and the morning of March 6, 1980, and the jury was not required to accept appellant's explanation as reasonable. *Prodan v. State, supra.* Appellant was apprehended with the credit cards more than three months after the cards were stolen. Whether the property was "recently" stolen is a question of fact to be determined in light of the individual circumstances surrounding the case. *Smith v. State*, 518 S.W.2d 823 (Tex.Cr.App.1975) (citing examples of 30 days up to eleven months). Since the trier of fact found appellant guilty, this is an implicit finding that the property was recently stolen. Due to the nature of credit cards and the fact that continued possession of the cards was necessary for appellant to use the cards, we will not hold as a matter of law that too much time had elapsed to raise the inference of guilt. Appellant's point of error is overruled and the judgment of the trial court is affirmed as to count one of the indictment.