Blackburn v. State 






NO. 10-90-135-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          FLOYD BLACKBURN,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 54th Judicial District Court
McLennan County, Texas
Trial Court # 90-147-C

* * * * * * * * * * * * *

DISSENTING OPINION

* * * * * * *
          To convict Appellant of the possession of amphetamine, the State had to prove beyond a
reasonable doubt that he exercised care, custody, control or management over the drug and that
he knew it was contraband. See Humason v. State, 728 S.W.2d 363, 365 (Tex. Crim. App.
1987). The majority finds harmful error from the introduction into evidence of a photograph,
seized from Appellant's residence at his arrest, which depicts drug use by an unidentified woman. 
"Coke" spoons and drugs were also seized during his arrest. Clearly, the prosecution is entitled
to introduce into evidence any drugs, drug paraphernalia, weapons, and other items seized at the
scene of the arrest of a person charged with possession of illicit drugs. Daniels v. State, 574
S.W.2d 127, 129 (Tex. Crim. App. [Panel Op.] 1978); Downey v. State, 505 S.W.2d 907, 909
(Tex. Crim. App. 1974); Miller v. State, 469 S.W.2d 180, 181 (Tex. Crim. App. 1971); Garcia
v. State, 170 Tex. Crim. 328, 340 S.W.2d 803, 804 (1960). The evidence is admissible to show
the context of the offense and arrest, or what was once called the "res gestae." Downey, 505
S.W.2d at 909; Miller, 469 S.W.2d at 181. This type of evidence is relevant because it tends to
(1) establish an affirmative link between the defendant and the contraband, and (2) show the
defendant knew he was possessing contraband. Daniels, 574 S.W.2d at 128-29; Downey, 505
S.W.2d at 909; McGuill v. State, 704 S.W.2d 46, 49 (Tex. App.--Corpus Christi 1985, pet.
ref'd).
          The trial court can exercise its sound discretion in determining the relevancy of evidence
seized at the defendant's arrest. Williams v. State, 535 S.W.2d 637, 639-40 (Tex. Crim. App.
1976). Accordingly, a relevancy determination should not be reversed except for an abuse of
discretion. Id. at 640. 
          Despite the trial court's broad discretion in determining relevancy and the well-settled law
relating to the admissibility of items seized at Appellant's arrest, the majority finds an abuse of
discretion, concluding: "We cannot see how the person or activity depicted by the photograph
tends to make any fact that is of consequence to the determination of the action more probable or
less probable than it would be without the photograph." This is my first area of disagreement with
the majority.
          The "coke" spoons and drugs seized at the scene of Appellant's arrest related to drug use. 
This was also true of the photograph, which depicted a woman "snorting" a "rail" of drugs. That
the photograph was staged as a "joke" does not detract from what it depicts: the purported use of
drugs. The drug-related evidence was relevant because it tended to affirmatively link Appellant
to and establish his knowing possession of the amphetamine. See Daniels, 574 S.W.2d at 128-29;
Downey, 505 S.W.2d at 909; McGuill, 704 S.W.2d at 49. Considering that the trial court could
have determined the photographs were relevant for at least two reasons, I believe the majority's
finding of a clear abuse of discretion is wrong.
          Although conceding the photograph's relevancy for purposes of argument, the majority
nevertheless holds that the trial court should have excluded it because its prejudicial effect
substantially outweighed its relevancy. See Tex. R. Crim. Evid. 403. This holding was reached
despite the rule that only "rarely" will evidence admissible to show the context of the offense be
properly excluded based on its prejudicial effect. See Mann v. State, 718 S.W.2d 741, 744 (Tex.
Crim. App. 1986). I do not believe this to be one of those rare occasions.
          The majority balanced relevancy against prejudice and found relevancy substantially
wanting based on Appellant's not "seriously [contesting] his possession of the controlled
substance, as evidenced by his pointing out the contraband to the searching officers and his defense
at trial." The holding is based on the following reasoning:
When a defendant pleads not guilty to the offense and puts the state to the burden
of proving all essential facts, his admission of any essential fact cannot be
considered in the determination of relevancy of evidence under Rule 401; however,
when a defendant admits the truth of a specific fact of consequence to the
determination of the action, that admission can enter into the balancing of the
probative value of relevant evidence as tending to establish that fact against its
prejudicial effects. See Tex. R. Crim. Evid. 401, 403.
I find no basis in logic or law for this proposition. 
          Although not expressly stated, the sequential logic behind the majority's view is apparently
this: (1) Appellant admitted that he possessed the amphetamine, which thereby reduced the State's
need to produce evidence of that fact; (2) the photograph, although relevant, also had an element
of unfair prejudice; (3) in balancing relevancy against unfair prejudice, the trial court could and
should have considered the reduced need to introduce the photograph to prove possession as either
lessening its relevancy or, correspondingly, increasing its potential for unfair prejudice; (4) by
admitting possession, the photograph's unfair prejudice then substantially outweighed its
relevance; and (5) the court thereby abused its discretion when it did not exclude the photograph
under Rule 403. See Tex. R. Crim. Evid. 403. Presumably, and as a logical extension of the
majority's view, the photograph would have been admissible if Appellant had not admitted
possessing the amphetamine.
          Appellant could not restrict the right of the State to introduce drug-related evidence seized
at his arrest by either pleading guilty or admitting that he possessed the amphetamine. See Bagley
v. State, 776 S.W.2d 582 (Tex. Crim. App. 1989); Miller, 469 S.W.2d at 181. Consequently,
he could not lessen or affect the photograph's relevancy, thereby correspondingly increasing its
prejudicial effect, simply by not "seriously [contesting]" or admitting key facts of the State's case. 
If he can affect the balance between relevancy and prejudice by his trial strategy, then he can affect
the evidence's admissibility and thereby restrict the right of the State to introduce it. This he
cannot do. See id. 
          Despite the trial court's broad discretion in determining the relative weight of relevancy
and prejudice in the balancing test under Rule 403, the majority finds an abuse of discretion. See
Wright v. State, 776 S.W.2d 763, 765 (Tex. App.--Corpus Christi 1989, pet. ref'd). I disagree
with this holding. 
          After determining that the photograph was irrelevant or, if relevant, that its relevancy was
substantially outweighed by its prejudicial effect, the majority finds harmful error from the
photograph's admission. I disagree. Harmless error, like beauty, resides in the eye of the
beholder. See Harris v. State, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989) (quoting Kotteakos
v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)) ("What may be technical
for one is substantial for another.") Recognizing that harmless-error analysis is at best an
"inherently subjective process," I believe that, when the assumed error is isolated and assayed
against the record as a whole, we can conclude beyond a reasonable doubt that the error did not
contribute to Appellant's conviction or punishment. See Harris, 790 S.W.2d at 587.
          Appellant convicted himself: he admitted knowingly possessing amphetamine. The
evidence of his guilt was overwhelming. Although harmless error cannot be decided based on the
overwhelming evidence of his guilt, the probable impact of the error on the jury must be assessed
in light of the "other evidence" in the record. See id. This is as a distinction without a difference. 
Id. 
          My analysis of harmless error is guided by the procedure outlined in Harris. See id. The
source and nature of the error was the admission into evidence of a photograph depicting feigned
drug use. However, the jury had before it other evidence strongly indicating drug use by
Appellant: the "coke" spoons and amphetamine. Thus, because the photograph was not the only
evidence that Appellant probably used and allowed others to use what he possessed, to conclude
that the jury would have placed great weight upon the picture in reaching its guilty verdict is not
supported by the record. 
          During the guilt-innocence stage, a witness for the State testified that the photograph
depicted illegal drug use. This could have hardly startled or stampeded the jury into convicting
Appellant, as anyone with an ounce of common sense and experience could not have determined
otherwise. Surely, neither the photograph nor the comment on what it obviously portrayed could
have contributed to his conviction, especially in the light of other evidence of drug use and
Appellant's admitted possession of the amphetamine. Likewise, the photograph was also
mentioned in the State's punishment argument to dissuade the jury that Appellant was a "novice." 
A person who admits possessing amphetamine, who possesses drug paraphernalia ("coke" spoons),
can be fairly characterized as having lost his status as a novice in the drug culture. The comment
was consistent with the other evidence, a fair deduction from the evidence as a whole, and not
unduly inflammatory based on the entire record. Accordingly, I do not believe that the assumed
error of admitting the photograph contributed in any way to Appellant's punishment. One simply
cannot ignore the probated sentence, which indicates that the jury clinically and unemotionally
evaluated the evidence, considered Appellant's plea, and reached a fair and disinterested verdict,
unaffected by any error arising from the photograph's introduction. 
          Lastly, the record indicates that the State acted in good faith. Whatever error was involved
in introducing the photograph into evidence, it was the type of evidence (drug use) that has been
historically admitted to show the context of the offense and arrest in a drug-possession case and
considered relevant to show an affirmative link to and the knowing possession of illicit drugs. 
Considering the case law, offering and introducing the photograph into evidence cannot be
rationally viewed as prosecutorial misconduct which will be repeated "with impunity" unless
harmful error is found. See id. This is too close a question to justify a harmful-error finding on
that basis. 
          After isolating the error, assaying it against the backdrop of the whole record, I remain
unconvinced that a rational trier of fact would have reached a different result if the error and its
effects had not occurred. Id. at 588. Therefore, to conclude that we cannot find beyond a
reasonable doubt that the error did not contribute to his conviction or punishment is wrong in my
opinion. 
          Finally, I disagree with the majority's holding that a general objection of "relevancy" will
always suffice to preserve error because the definition of relevancy now has been written into the
rules. See Tex. R. Crim. Evid. 401. Evidence may be irrelevant for a number of reasons: it may
not connect the defendant to the crime; it may be connected to the defendant but be too remote to
have any probative value; it may be connected to the defendant but be an extraneous offense. 
These are only a few examples. To accept the majority's reasoning--that a general objection of
"relevancy" will preserve all of these grounds even though only one is good--effectively
emasculates the requirement that to preserve error the objecting party must state "the specific
grounds of objection." See id. at 103(a)(1). 
          I respectfully dissent for these reasons. I would affirm the conviction.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice
  
Issued and filed June 13, 1991
Publish