**John Luke DANIELS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55673.**

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 13, 1978.

128

James M. Murphy, Dallas, for appellant.

Henry M. Wade, Dist. Atty., William M. Lamb, C. Wayne Huff and Paul D. Macaluso, Asst. Dist. Attys., Dallas, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the possession of cocaine; the punishment is imprisonment for twenty years.

Although the appellant timely offered a specially requested charge that was sufficient to apprise the court of the omission of a circumstantial evidence charge, the trial court did not submit a charge instructing the jury on the law of circumstantial evidence. In one of several grounds of error the appellant asserts that the failure to instruct the jury on the law of circumstantial evidence was reversible error. We agree.

The conviction is for possession of a minute quantity of cocaine which the officers found in a plastic bag in the kitchen cabinet on the premises occupied by the appellant and his wife. The expert witness testified that a qualitative analysis proved the pow-dered substance he found in the plastic bag included lidocaine, methapyriline, and cocaine. This witness further testified the cocaine was neither a quantity that could be quantitatively measured nor a quantity for which a pharmacological effect could be obtained.

The minimum quantity of marihuana that will sustain a conviction for its possession is a usable quantity, Controlled Substances Act, Sec. 4.05(a), but the minimum quantity of any other controlled substance that will sustain a conviction for its possession is not specified. Controlled Substances Act, Sec. 4.04(a); see also *Reyes v. State,* 480 S.W.2d 373 (Tex.Cr.App.1972); *Cantu v. State,* 546 S.W.2d 621 (Tex.Cr.App.1977).

However, when the quantity of a substance possessed is so small that it cannot be quantitatively measured there must be evidence other than its mere possession to prove that the defendant knew the substance in his possession was a controlled substance. See *Reyes v. State,* supra; *Cantu v. State,* supra. Reyes sold a substance which he represented to be heroin and his conviction was upheld even though only a trace of heroin was found in the substance. His representation that the substance was heroin was held to be evidence of a knowing possession of the trace of heroin. Although he possessed only traces of heroin, Cantu was found to have a knowing possession of heroin because he pled guilty to the offense and admitted under oath that he knowingly and intentionally possessed heroin. On his plea of guilty we held the evidence was sufficient to meet the requirements of Art. 1.15, V.A.C.C.P.

The quantity of cocaine possessed by the appellant was so small that it could not be quantitatively measured by the most sensitive and sophisticated equipment used in the Dallas Crime Laboratory. The quantity was so small that in itself it was insufficient to show the appellant knew the substance he possessed was cocaine. However, the State, arguing in support of the sufficiency of the evidence in answer to another ground of error says that there is in this

case, just as there was in *Reyes v. State,* supra, and *Cantu v. State,* supra, other evidence to show that the appellant knowingly possessed the cocaine. Other controlled substances, narcotic paraphernalia, and methapyriline, which is an agent sometimes used to "cut" cocaine, were all found on the same premises as the cocaine. The possession of these items furnishes circumstantial evidence which it was necessary for the jury to believe for its verdict to have sufficient support in the evidence. Since the State does not rely on direct evidence to show that the appellant knowingly possessed the cocaine but necessarily must rely on inferences drawn from the other evidence it necessarily follows that it was error to refuse to instruct the jury on the law of circumstantial evidence. The main fact to be proved rests purely and entirely on circumstantial evidence. See *Ransonette v. State,* 550 S.W.2d 36 (Tex.Cr.App.1977).

The judgment is reversed and the cause remanded.