**Adolfo V. ROMERO, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–85–238–CR.**

Court of Appeals of Texas,
Fort Worth.

May 15, 1986.

Glenn O. Lewis, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and V. Paul Dickson, Asst. Dist. Atty., Fort Worth, for State.

Before BURDOCK, J., and HUGHES and ASHWORTH (Retired, Sitting by Assignment), JJ.

## OPINION

HUGHES, Justice (Retired, Sitting by Assignment).

Adolfo Valazquez Romero has appealed the judgment of the trial court which assessed him five years confinement in the Texas Department of Corrections based on the verdict of the jury which found him guilty of the offense of possession of a controlled substance. *See* TEX.REV.CIV. STAT.ANN. art. 4476–15, sec. 4.04(b) (Vernon Supp.1986).

We affirm.

On November 30, 1984, Officer W.T. Endsley, a police officer for 14 years, responded to a family disturbance call. Upon arriving at the given address, he was met by Jesusita Esquidel Delgado. Endsley observed that Delgado had a cut lip, blood in her hair, scratches on her arm, and a swollen right eye. Delgado told Endsley that her ex-husband, appellant, had come over and hit her and she was afraid he would return and harm her again. She then told Endsley appellant was living with some friends down the street or one street over. She showed Endsley a recent picture of appellant and gave the officer a detailed description of appellant's vehicle. After patrolling the area for 45 minutes to an hour, Endsley located the suspect vehicle in a driveway one block from Delgado's residence. Appellant was on the porch. Endsley recognized appellant from the photograph shown him by Delgado. When Endsley asked appellant who owned the vehicle in the driveway appellant replied, "a friend." Endsley then asked appellant to produce some identification. Appellant was unable to produce any identification. Appellant then gave Endsley a false name. However, a neighbor told Endsley appellant was in fact Adolfo Romero.

At this point appellant was placed under arrest and his person searched for weapons. The search revealed a vial which the officer believed contained a controlled substance. The vial contained .0208 grams of a powdery substance that tested positive for cocaine. Endsley testified appellant could have returned to Delgado's home in the time it would have taken him to obtain an arrest warrant.

■ In his first ground of error appellant asserts that the contraband (cocaine) obtained from him was the result of an illegal arrest and should have been suppressed. Appellant urges that the warrantless arrest was illegal because there was no legal basis in the facts of his case to give the police grounds to hold him without a warrant. *See Welcome v. State,* 635 S.W.2d 828, 832 (Tex.App.—Beaumont 1982, pet. ref'd). *Welcome* is a case where the suspect was not located for 12 hours from the inception of the investigation. *See id.* at 831. Here, appellant was found in 45 minutes. In *Welcome* the confession sought to be suppressed was not rendered inadmissible by the defendant's illegal arrest. *See id.* at 833.

We hold that the peace officer in this case had probable cause to believe that in the time it would take him to get an arrest warrant, appellant would go back to his former wife's house and commit a battery on her.

TEX.CODE CRIM.PROC.ANN. art. 14.- 03 (Vernon Supp.1986) provides, in part:

(a) Any peace officer may arrest, without warrant:

(1) persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws; (2) persons who the peace officer has probable cause to believe have committed an assault resulting in bodily injury to another person and the peace officer has probable cause to believe that there is danger of further bodily injury to that person; ...

The former wife's obvious injuries; plus her statements recounting his assault; plus her fear that he would do it again; plus his location only a block away; plus appellant's giving of a false name and other lies all compounded to give Endsley, the policeman, all the probable cause he needed to make an immediate arrest. *See Campbell v. State,* 644 S.W.2d 154, 158–59 (Tex.App. —Austin 1982), *pet. ref'd per curiam,* 647 S.W.2d 660 (Tex.Crim.App.1983). We overrule appellant's first ground of error.

■ The thrust of appellant's second ground of error is that the State failed to prove the element of knowing and intentional possession of the cocaine and faulted the trial court for not granting his motion for an instructed verdict. Appellant's contention is that the State failed to prove the cocaine found in the vial in his pocket was a measurable amount. This assertion is based on the chemist not having made a quantitative analysis of the powder in the vial. Appellant cites *Daniels v. State,* 574 S.W.2d 127 (Tex.Crim.App.1978) in support of his argument.

*Daniels* states:

[W]hen the quantity of a substance possessed is so small that it *cannot be quantitatively measured* there must be evidence other than its mere possession to prove that the defendant knew the substance in his possession was a controlled substance. [Emphasis added.]

*Id.* at 128.

The substance in *Daniels* was not measurable quantitatively. *See id.* Testimony of the chemist in this case was that the powder in the vial *could* be measured quantitatively. We overrule the second ground of error.

■ We also overrule ground of error three in which appellant claims error in that the trial court did not allow appellant's attorney to ask the chemist if the cocaine found was a usable quantity. In the instant case when the State objected on the grounds of its irrelevance appellant withdrew the question. The trial court sustained the objection and allowed appellant to withdraw the question. Appellant did not attempt to show what the asked-for testimony would have been. To preserve the claimed error, the record has to reflect what would have been shown. *Flournoy v. State,* 589 S.W.2d 705, 709, n. 18 (Tex. Crim.App.1979).

■ Additionally, proof of a usable quantity of cocaine is not required by the Controlled Substances Act, TEX.REV.CIV. STAT.ANN. art. 4476–15, sec. 4.04(b) (Vernon Supp.1986). We overrule ground of error three.

We affirm.