Robert Charles WELLS, Appellant,

v.

The STATE of Texas, Appellee.

No. 749–87.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 10, 1990.

Rehearing Overruled June 12, 1991.

Petition for Discretionary review from Court of Appeals, 5th Supreme Judicial District.

Kerry P. Fitzgerald, Dallas, for appellant.

John Vance, Dist. Atty. and Kathi Alyce Drew, Janice Warder and John Heasley, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S MOTION
FOR REHEARING

MILLER, Judge.

Our original opinion in this cause, *Wells v. State*, No. 749–87 delivered April 4, 1990, is withdrawn.

Appellant was convicted by a jury of aggravated robbery. V.T.C.A. Penal Code § 29.03. The jury also assessed appellant's punishment, which was sixty years confinement in the Texas Department of Corrections.[1] On direct appeal, appellant raised ten points of error, and the court of appeals reversed appellant's conviction and remanded the cause to the trial court for a new trial based on its disposition of points of error numbers one and two. See *Wells v. State*, 730 S.W.2d 782 (Tex.App.—Dallas 1987). In those two points, the court of appeals held the admission at trial of an extraneous offense was error which contributed to the jury's verdict at punish-

ment. *Id.* at 788; Tex.R.App.Proc. 81(b)(2). We thereafter granted the State's petition for discretionary review to determine whether the court of appeals erred in holding the admission of the extraneous offense was improper.

We addressed that issue in our opinion now withdrawn. Upon issuance of that opinion, appellant filed this motion for rehearing pointing out that there were critical factual inaccuracies in the opinion which were relied upon to reach the disposition. We granted appellant's motion for rehearing on May 2, 1990. Those inaccuracies are now corrected by our withdrawal of the opinion.

We also now refuse the State's original petition for discretionary review. This trial was held in April of 1986, prior to the effective date of the Rules of Criminal Evidence[2], and the court of appeals addressed appellant's points of error under the applicable case law. The admissibility of an extraneous offense is now governed by Tex.R.Crim.Evid. 404(b). Thus, we find that a resolution of the issue raised in the State's petition would neither contribute to the jurisprudence of this State nor be justified under Tex.R.App.Proc. 200.

The State's petition for discretionary review, filed in this Court on July 9, 1987, is refused.

McCORMICK, P.J., and DAVIS, J., dissent.

STURNS, J., not participating.

---

1. Now called the Texas Department of Criminal Justice, Institutional Division.

2. The effective date of these evidence rules is September 1, 1986.