James Wesley TAYLOR, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–90–033–CR.

Court of Appeals of Texas, Texarkana.

March 5, 1991.

---

Ward Casey, Fort Worth, for appellant.

F. Duncan Thomas, Dist. Atty. of Hunt County, Greenville, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

James Wesley Taylor appeals from a conviction for possession of a controlled substance; namely, cocaine, weighing less than twenty-eight grams. Taylor pled guilty, and pursuant to a plea bargain agreement, the court assessed his punishment at five years in the penitentiary and a fine of $75.00 and granted him probation. Taylor contends that the district court lacked jurisdiction in this case because he should have been prosecuted for possession of drug paraphernalia, a Class C misdemeanor, and that there was an insufficient amount of cocaine to satisfy the requisite mental state for possession of a controlled substance.

After being stopped for speeding, Taylor was arrested for possession of cocaine, possession of marihuana, possession of drug paraphernalia and driving while intoxicated. Taylor possessed 2.86 grams of marihuana and a glass pipe commonly used to smoke amphetamine and "crack" cocaine. Taylor and the vehicle strongly smelled of a chemical used to manufacture amphetamine. Taylor had a large amount of cash in his pockets and a bundle of cash in the center console compartment of his vehicle, all of which totalled $6,515.00. The investigating officers found traces of cocaine in three glass tubes and a plastic tube and a trace of amphetamine in a piece of tin foil. The officers also discovered an apparent worksheet for producing amphetamine, a stack of business cards from several chemical companies, and a receipt for ten gallons of ether, a chemical commonly used to make amphetamine. After analyzing Taylor's blood sample, the lab reported that cocaine was present in his bloodstream.

The issue in this case is whether it was appropriate to prosecute Taylor for possession of a controlled substance. Taylor states that the district court did not have jurisdiction to hear this case because he should have been prosecuted for possession of drug paraphernalia (a Class C misdemeanor) instead of for possession of a controlled substance (a felony of the second degree).

Taylor contends that Section 4.04 of Article 4476–15 of the Controlled Substances Act (possession of a controlled substance, Penalty Group 1, cocaine, less than twenty-eight grams) is *in pari materia* with Section 4.07 (possession of drug paraphernalia), because the two statutes relate to the same class of things and they have the same purpose or object. TEX.REV.CIV.STAT. ANN. art. 4476–15, §§ 4.04, 4.07 *repealed by* Acts 1989, 71st Leg., ch. 678, § 13(1), eff. Sept. 1, 1989. Taylor states that the purpose of both statutes is to protect the public health and safety by prohibiting the production, distribution and use of controlled substances. Taylor argues that since Section 4.04 is in conflict with Section 4.07, he has the right to be charged under the most narrowly applicable statute. Taylor contends that the principles of statutory construction require that Section 4.07, the

more specific statute, be applied in the instant case.

■ The doctrine of *in pari materia* is a principle of statutory interpretation which the courts use to determine the legislative intent in enacting particular statutes. *Breeding v. State*, 762 S.W.2d 737, 739 (Tex.App.—Amarillo 1988, pet. ref'd). When two statutes are found to be *in pari materia*, an effort should be made to harmonize and give effect to both statutes with the special or more specific statute governing the general statute in the event of any conflict. *Cheney v. State*, 755 S.W.2d 123 (Tex.Crim.App.1988); *Ex parte Wilkinson*, 641 S.W.2d 927 (Tex.Crim.App. 1982); *Alejos v. State*, 555 S.W.2d 444 (Tex.Crim.App.1977); *Ex parte Harrell*, 542 S.W.2d 169 (Tex.Crim.App.1976). If the two statutes do not deal with the same subject matter, persons or purpose, the statutes are not considered to be *in pari materia* and each should be construed separately and in accordance with the plain wording of the particular statute. *Ex parte Wilkinson*, 641 S.W.2d at 932.

In construing penal provisions, the Texas Court of Criminal Appeals has found two statutes to be *in pari materia*, "where one provision has broadly defined an offense, and a second has more narrowly hewn another offense, complete within itself, to proscribe conduct that would otherwise meet every element of, and hence be punishable under, the broader provision." *Mills v. State*, 722 S.W.2d 411, 414 (Tex. Crim.App.1986). The Court has consistently reversed convictions obtained under the broader provision when the specific statute provides for a lesser range of punishment than the general statute, especially in cases where the convicting court lacks subject matter jurisdiction.[1] *Mills*, 722 S.W.2d at 414.

■ The State correctly argues that Section 4.04 and Section 4.07 of the Controlled Substances Act are not *in pari materia* because the two statutes do not have the same purpose or object. Section 4.07 (pos-session of drug paraphernalia) is an offense to discourage the production and possession of items that are to be used to facilitate the taking of drugs, while the more serious offense of Section 4.04 (possession of a controlled substance) punishes those that possess the final product. Unlike Section 4.04, Section 4.07 does not require possession of any controlled substance.

■ Taylor further contends that there was insufficient amounts of cocaine to satisfy the requisite mental state under Section 4.04 of the Controlled Substances Act. Taylor points to the enactment of Tex.Rev. Civ.Stat.Ann. art. 4476–15, § 5.15, *repealed by* Acts 1989, 71st Leg., ch. 678, § 13(1), eff. Sept. 1, 1989, a section which aids in determining whether an item constitutes drug paraphernalia. He contends that the passage of this section mandates that the presence of a trace of cocaine on drug paraphernalia will not take the offense out of Section 4.07. Taylor refers specifically to Section 5.15(2) which states that "the existence of any residue of controlled substance on the object" qualifies the item as drug paraphernalia. This requirement, however, is not an element of the offense itself, but merely a method of proving that the object is paraphernalia within the definition of the offense. The fact that the same evidence may be used to show that an object is drug paraphernalia and that a person possesses a controlled substance does not make Sections 4.04 and 4.07 *in pari materia.*

Taylor relies on *Thomas v. State*, No. 01–89–246–CR (Tex.App.—Houston [1st Dist.], Jul. 26, 1990, n.w.h.) (not yet reported) in support of his contention that a trace of cocaine is insufficient to satisfy a conviction under Section 4.04. In *Thomas*, the Court held that the evidence was insufficient to support a conviction for possession of less than twenty-eight grams of cocaine when the defendant possessed two small plastic packets containing a white powder residue. Taylor argues that the facts in

---

1. For examples, *see Williams v. State*, 641 S.W.2d 236 (Tex.Crim.App.1982); *Jones v. State*, 552 S.W.2d 836 (Tex.Crim.App.1977); *Ex parte*

*Harrell*, 542 S.W.2d 169, 171 (Tex.Crim.App. 1976).

the present case are weaker than those in *Thomas* because cocaine residue was not found on Taylor or in his plain view of the vehicle and because the lab was unable to determine the gross weight of the cocaine.

Taylor's reliance on the holding in *Thomas* is misplaced. The court in *Thomas* merely reiterated the fundamental point that in a case involving a trace of narcotics, other elements must be present to show knowledge of a possession of a controlled substance. Specifically, the court stated that a trace of cocaine, *"without corroborating circumstances,* was not sufficient to sustain the conviction." *Thomas*, No. 01–89–246 at 5 (emphasis added).

■ The Court of Criminal Appeals held that possession of a trace of a controlled substance alone would not prove a knowing possession.[2] *Coleman v. State,* 545 S.W.2d 831 (Tex.Crim.App.1977). The Court stated that it would be a harsh rule to charge a defendant with knowingly possessing a substance that required a microscope to identify. *Coleman,* 545 S.W.2d at 835. When the quantity of a substance possessed is so small that it cannot be quantitatively measured, there must be evidence, other than its mere possession, that the defendant knew that the substance in his possession was a controlled substance. *See Mendoza v. State,* 636 S.W.2d 198, 200 (Tex.Crim.App. [Panel Op.] 1982); *Shults v. State,* 575 S.W.2d 29, 30 (Tex.Crim.App. [Panel Op.] 1979); *Daniels v. State,* 574 S.W.2d 127, 128 (Tex.Crim.App. [Panel Op.] 1978).

■ Some additional factors in minute possession cases that may be utilized to find the requisite knowledge, other than the mere fact of possession, are: (1) the possession of other contraband, *Daniels,* at 129; (2) the possession of narcotic paraphernalia, *Daniels,* at 129; (3) the possession of a cutting agent, *Daniels,* at 129; (4) actions of the defendant such as the attempted destruction of contraband, *Forsythe v. State,* 664 S.W.2d 109, 113 (Tex.

App.—Beaumont 1983, pet. ref'd); (5) sale of or delivery of contraband, *Mendoza,* 636 S.W.2d at 200; and (6) the judicial confession of the defendant, *Cantu v. State,* 546 S.W.2d 621, 622 (Tex.Crim.App.1977). Several of these factors are present in the instant case. Taylor was in possession of narcotic paraphernalia and 2.86 grams of marihuana at the time of his arrest. Taylor also made a judicial confession by pleading guilty to possession of cocaine, a controlled substance. Another factor in the present case is the showing by the laboratory report that Taylor had cocaine in his bloodstream. All of these factors indicate that Taylor knew he had possession of a controlled substance. Taylor's point of error is overruled.

The judgment of the trial court is affirmed.

---

**2.** The minimum quantity of marihuana that will sustain a conviction for its possession is a usable quantity, but the minimum quantity of any other controlled substance that will sustain a conviction for its possession is not specified. *Daniels v. State,* 574 S.W.2d 127, 128 (Tex.Crim. App. [Panel Op.] 1978); *Cantu v. State,* 546 S.W.2d 621, 622 (Tex.Crim.App.1977).