**Stanley GARNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–92–058–CR.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 4, 1993.

Norman D. Jones, Victoria, for appellant.

Wiley L. Cheatham, Dist. Atty., Robert C. Lassman, Asst. Dist. Atty., Cuero, for appellee.

Before FEDERICO G. HINOJOSA, Jr., SEERDEN and DORSEY, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice

Appellant pleaded not guilty to possessing less than 28 grams of cocaine. After a bench trial, the trial court found appellant guilty of possessing less than 28 grams of cocaine and assessed punishment at five years' confinement. By two points of error, appellant challenges the sufficiency of the evidence and complains that the trial court erred by allowing the State to introduce a syringe into evidence, despite the State's inability to prove its chain of custody. We reverse and remand.

Appellant was in the custody of the Goliad County Sheriff's Department. Appellant was furloughed from the Goliad County Jail so that he could attend a relative's funeral. Deputy Sheriff Schaeffer and Officer Meyers, the jailer, were present when appellant returned to the Goliad County Jail on February 10, 1990. When appellant arrived at the jail, Schaeffer was talking with some people and left shortly thereafter in response to a call. Meyers took charge of appellant and found that appellant had returned from the funeral staggering and stuttering. Meyers searched appellant and found an IV needle and syringe, containing a trace of some liquid, hidden in appellant's sock. Using a manila folder, Meyers picked up the items, placed them on Schaeffer's desk, escorted appellant to a cell, and called Schaeffer, who returned to the jail 1 to 1½ hours after he received the call. Meyers met Schaeffer at his desk and showed Schaeffer the syringe.

Meyers brought appellant to Schaeffer, who noted appellant's slurred speech, glassy eyes, alcohol odor, and cocky attitude. Later that night, appellant could not be roused, and EMS was summoned.

Schaeffer tied an evidence tag around the syringe and kept it in a locked desk drawer until he placed it in an envelope and mailed it, approximately one week later, to the Department of Public Safety (DPS) lab in Corpus Christi. The DPS lab performed no tests on the syringe. Approximately three weeks later, the DPS lab sent Schaeffer a box containing a syringe, but Schaeffer does not remember if it had an evidence tag on it. Schaeffer locked the syringe in his desk, where it remained for fourteen months.

On May 28, 1991, Schaeffer drove to San Antonio and took the syringe to the Bexar County Medical Lab. Schaeffer watched the chemist, Mr. Bousser, perform tests on the syringe. Mr. Bousser took the syringe, which had no visible residue or contents, rinsed it with methanol, and performed gas chromatography and mass spectrometry on the rinsings. These tests indicated "that the syringe at one time or another had contained some cocaine."

█ When we review the sufficiency of the evidence in a criminal case, we view all the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the crime established beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989); *Prophet v. State*, 815 S.W.2d 836, 837 (Tex. App.—Corpus Christi 1991, no pet.). We also apply this standard to cases involving circumstantial evidence. *Earhart v. State*, 823 S.W.2d 607, 616 (Tex.Crim.App.1991); *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex. Crim.App.1983) (opinion on rehearing).

█ To convict a person for possession of contraband substances, the State must prove 1) that the person exercised care, control, custody, or management over the contraband and 2) that the person knew the matter was contraband. *Martin v. State*, 753 S.W.2d 384 (Tex.Crim.App.1988); *Garza Gonzalez v. State*, 783 S.W.2d 774,

777 (Tex.App.—Corpus Christi 1990, no pet.). Possession of a trace of a controlled substance is insufficient to prove knowing possession. *Coleman v. State*, 545 S.W.2d 831, 835 (Tex.Crim.App.1977). When the quantity of a substance possessed is so small that it cannot be quantitatively measured, the State must produce evidence that the defendant knew that the substance in his possession was a controlled substance. *Mendoza v. State*, 636 S.W.2d 198, 200 (Tex.Crim.App. [Panel Op.] 1982); *Taylor v. State*, 805 S.W.2d 609, 612 (Tex. App.—Texarkana 1991, no pet.). If the controlled substance can be seen and measured, the amount is sufficient to support knowing possession. *Thomas v. State*, 807 S.W.2d 786, 789 (Tex.App.—Houston [1st Dist.] 1991, pet. dism'd); *Manuel v. State*, 782 S.W.2d 335, 336 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). Other factors that may support knowing possession are 1) possession of other contraband, narcotics paraphernalia, or cutting agents, *Daniels v. State*, 574 S.W.2d 127, 129 (Tex.Crim. App. [Panel Op.] 1978); 2) attempted destruction of the contraband, *Forsythe v. State*, 664 S.W.2d 109, 113 (Tex.App.—Beaumont 1983, pet. ref'd); 3) delivery of the contraband, *Mendoza*, 636 S.W.2d at 200; and 4) judicial confession of the defendant, *Cantu v. State*, 546 S.W.2d 621, 622 (Tex.Crim.App.1977). We infer from the minute possession cases that a simple container in which the trace substance was found is not "narcotic paraphernalia" sufficient to establish knowing possession of the substance. *See, e.g., Coleman*, 545 S.W.2d at 832 (small vial); *Greer v. State*, 163 Tex.Crim. 377, 292 S.W.2d 122, 122 (1956) (bottle cap and wet cotton); *Thomas*, 807 S.W.2d at 787 ("baggies").

█ In the instant case, the controlled substance was found in a syringe. A syringe is an item which not only holds a substance; it is expressly designed for introducing measured amounts of the substance into a person's bloodstream. At the time that the syringe was confiscated, it held a visible amount of liquid. The evidence is sufficient to support the convic-

tion. We overrule appellant's first point of error.

By his second point of error, appellant complains that the trial court erred by admitting testimony concerning the tests performed on the syringe in Bexar County. Appellant argues that the State failed to prove a chain of custody. We agree.

■ To preserve error for appeal, a party must timely object to the evidence at trial. TEX.R.APP.P. 52(a). The Court of Criminal Appeals addressed preservation of trial court error in admitting evidence in *Lankston v. State*, 827 S.W.2d 907, 909 (Tex.Crim.App.1992), writing:

> The standards of procedural default, therefore, are not to be implemented by splitting hairs in the appellate courts. As regards specificity, all a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it. Of course, when it seems from context that a party failed effectively to communicate his desire, then reviewing courts should not hesitate to hold that appellate complaints arising from the event have been lost. But otherwise, they should reach the merits of those complaints without requiring that the parties read some special script to make their wishes known.

Applying this standard to the facts, the Court of Criminal Appeals held that both the trial judge and the prosecutor "understood Appellant's objection to be a complaint about testimony not falling within the statutory hearsay exception for 'outcry witnesses.'" *Id.* at 910.

■ In the present case, Schaeffer was unavailable to testify at the beginning of the trial, as he was "out on a stolen vehicle." The State opted to proceed with Bousser, expecting to establish the chain of custody later at trial. Appellant requested the right to reserve his objections based on chain of custody. The trial court stated that it would permit Bousser to proceed out of expediency, that appellant's objections

would be heard, and that it would not consider Bousser's testimony "if they haven't connected it up." After Schaeffer testified, appellant objected to Bousser's testimony on the grounds that the State had failed to establish the chain of custody for the syringe, specifically complaining that Meyer had left the syringe unguarded, that the DPS lab had returned an unidentified syringe in a different container, and that Schaeffer kept the returned syringe in his desk for over a year. The trial court overruled the objection. On these facts, error is preserved, as appellant clearly communicated his desire to the trial court.

■ We reverse a trial court's decision to admit evidence over an objection to the predicate when we find the trial court abused its discretion. *Smith v. State*, 683 S.W.2d 393, 404 (Tex.Crim.App.1984); *Juhasz v. State*, 827 S.W.2d 397, 402 (Tex. App.—Corpus Christi 1992, pet. ref'd). The Rules of Criminal Evidence provide:

> The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

TEX.R.CRIM.EVID. 901(a). At least two courts have construed the Rules to require the State to prove the evidence is what the State says by evidence "having that degree of security and integrity to justify its admission." *Moore v. State*, 821 S.W.2d 429, 431 (Tex.App.—Waco 1991, no pet.); *Stone v. State*, 794 S.W.2d 868, 870 (Tex.App.—El Paso 1990, no pet.). Minor theoretical breaches in the chain of custody will not affect the admissibility of the evidence unless the defendant shows evidence of tampering or alteration. *Moore*, 821 S.W.2d at 431; *Stone*, 794 S.W.2d at 870. Tagging an item of physical evidence at the time of its seizure and identifying the item at trial based upon the tag is sufficient for admission barring any showing by the defendant of tampering or alteration. *Stoker v. State*, 788 S.W.2d 1, 10 (Tex.Crim.App. 1989), *cert. denied*, 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990). The chain of custody is conclusively proven if an officer

testifies that he or she seized the item, put an identification mark on it, placed it in the property room, and then retrieved it on the day of trial. *Id.* at 10.

 Appellant argues that the chain of custody of the syringe fails for three reasons: 1) Meyer left the syringe unguarded on Schaeffer's desk on February 10, 1990, 2) the DPS lab returned a syringe in a different container and no one testified to its arrival or departure from Corpus Christi, and 3) Schaeffer kept the syringe in his desk for more than one year.

We agree that the State failed to identify the tested syringe as the one Meyer seized from appellant. Schaeffer testified that he did not place the syringe in any container the night it was seized. He tagged the syringe and sent it to the DPS lab in Corpus Christi "just in an envelope because it had the cap on the needle." Schaeffer also testified that the syringe had no identifiable markings on it. The Corpus Christi DPS lab returned a syringe to Schaeffer in a different package, and Schaeffer does not remember if the syringe bore the identification tag. The syringe introduced in court, but not offered into evidence, bore no identification markings or tag. The State failed to prove that the syringe Bousser tested was the same syringe found on appellant by either indentifiable characteristics, identification tags, or testimony to the syringe's whereabouts or activities from the time Schaeffer mailed appellant's syringe to the DPS lab in Corpus Christi to the time Schaeffer received an unidentified syringe in return.

We hold that the trial court abused its discretion by admitting Bousser's testimony concerning a syringe which the State failed to prove, through chain of custody, was the same syringe found on appellant.

 We must analyze error for harm under TEX.R.APP.P. 81(b)(2). *Gipson v. State,* 844 S.W.2d 738, 741 (Tex.Crim.App. 1992). In this case, error is clearly harmful. Bousser was the only witness to testify that the syringe contained cocaine. The State failed to prove, through chain of custody, that the syringe Bousser tested was

the syringe found on appellant. We sustain appellant's second point of error.

We REVERSE the trial court's judgment and REMAND the case for a new trial.