NUMBER 13-99-665-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 ___________________________________________________________________ 


GABRIEL IBARRA , Appellant, 



v.

 
THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 



On appeal from the 182nd District Court

of Harris County, Texas.

 ____________________________________________________________________ 



O P I N I O N

 
Before Chief Justice Seerden and Justices Dorsey and Yañez 

Opinion by Chief Justice Seerden

 

 Gabriel Ibarra, appellant, was convicted of the felony offense of possession of a controlled substance, namely cocaine,
in an amount more than one but less than four grams. See Tex. Health & Safety Code Ann. § 481.115 (c) (Vernon
1999). By two issues, appellant challenges the legal and factual sufficiency of the evidence used to convict him. We
affirm. 

 Appellant was arrested for public intoxication after Officer Roland Perez of the Houston Police Department
discovered him slouched, sleeping, behind the steering wheel of an automobile parked on the wrong side of a public
street. After rousing appellant and having him step out of the vehicle, Officer Perez conducted a "pretty thorough"
pat-down search. This search did not result in the discovery of any contraband. Perez nevertheless arrested appellant
and transported him to the nearest jail, where appellant was subjected to a second pat-down search. This search also
produced no contraband. Appellant was booked and placed in the custody of jail personnel. 

 While escorting appellant to a holding tank, a jail employee, Robbins, noticed a "large wad of money" in appellant's
breast pocket. Fearing that the money might be stolen if appellant passed out, Robbins asked appellant to remove the
money from his breast pocket and place it into his pants pocket. According to Robbins, when appellant removed the
money from his breast pocket, a clear bag with a white, powdery substance was visible. Sergeant Upton of the
Houston Police Department was immediately called to the scene where he seized the bag, which he believed contained
cocaine. The bag was placed into an evidence locker and was subsequently tested. Rosario Rodriguez, a criminalist
with the Houston Police Department, testified that tests she conducted on the substance conclusively showed the
substance was approximately 1.7 grams of cocaine. 

 After a trial to a jury, appellant was convicted of possession of cocaine and sentenced to thirty years imprisonment.(1)

 By two issues, appellant challenges the legal and factual sufficiency of the evidence supporting his conviction. We
begin a factual sufficiency review with the assumption that the evidence is legally sufficient to support the judgment.
Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996) (citing Jackson v .Virginia, 443 U.S. 307, 315-16, 99
S.Ct. 2781, 61 L.Ed.2d 560 (1979)). We then look to all of the evidence in the record to determine if the verdict is
"against the great weight and preponderance of the evidence presented at trial so as to be clearly wrong and unjust."
Clewis, 922 S.W.2d at 135. 

 In order to establish the unlawful possession of a controlled substance, the State is required to prove that the accused
exercised care, custody, and control over the contraband, and that the accused knew the matter he possessed was
contraband. Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988). These elements may be proven either by
direct evidence or by circumstantial evidence. Herndon v. State, 787 S.W.2d 408, 409 (Tex. Crim. App. 1990). 

 Here the evidence shows that the bag was discovered after appellant removed the money from his pocket. The bag
was seized and subsequently found to contain more than one gram of cocaine. The fact that the narcotics were found in
appellant's shirt pocket gives rise to a reasonable inference that he exercised care, custody, and control of the
contraband. See e.g., King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995) (cocaine residue found on "crack
pipe" discovered in defendant's pocket sufficient to support inference that appellant possessed controlled substance).
Moreover, upon a showing of possession, the fact that the substance found in the bag was visible to the naked eye of
the police officers and was an amount sufficient to be measured has been held to be sufficient to show that the
defendant knew the substance was narcotics. See Garner v. State, 848 S.W.2d 799, 801 (Tex. App.--Corpus Christi
1993, no pet.); see also Victor v. State, 995 S.W.2d 216, 221 (Tex. App.--Houston [14th Dist.] 1999, pet.
ref'd);Hackleman v. State, 919 S.W.2d 440, 445 (Tex. App.--Austin 1996, pet. ref'd, untimely filed); Jenkins v. State,
870 S.W.2d 626, 628 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd); Scott v. State, 825 S.W.2d 521, 523 (Tex.
App.--Dallas 1992, pet. ref'd). 

 Accordingly, we hold that the evidence adduced here is both legally and factually sufficient to support appellant's
conviction for possession of a controlled substance. Appellant's first and second issues are overruled. 

 The judgment of the trial court is AFFIRMED. 







 

 ROBERT J. SEERDEN, Chief Justice 



Do not publish . 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this 17th day of August, 2000. 

 

1. The record reflects that punishment was enhanced as a result of two prior convictions.