NUMBER 13-00-671-CR



COURT OF APPEALS



 THIRTEENTH DISTRICT OF TEXAS



 CORPUS CHRISTI-EDINBURG 


 


PLACIDO GUERRA, JR., Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 138th District Court 


of Cameron, Texas.


 


 MEMORANDUM OPINION






 Before Chief Justice Valdez and Justices Rodriguez and Castillo

Opinion by Chief Justice Rogelio Valdez


 Appellant, Placido Guerra, Jr., was convicted of unlawful possession of a firearm by
a felon. Tex. Pen. Code Ann. § 46.04 (Vernon 2003). Through six issues appellant
argues: (1-2, 6) (1) the evidence is legally and factually insufficient to support his conviction;
and (3-5) the trial court erred by admitting a handgun, ammunition clip, and testimony
regarding said exhibits. We affirm.

 As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here. See Tex. R. App. P. 47.4.

Analysis

 In three issues appellant challenges the legal and factual sufficiency (2) to support his
conviction for the offense of unlawful possession of a firearm by a felon. 

 In reviewing a claim of legal insufficiency, we view the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found
the essential elements beyond a reasonable doubt. See LaCour v. State, 8 S.W.3d 670,
671 (Tex. Crim. App. 2000). We resolve any inconsistencies in the evidence in favor of the
verdict. See Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). 

 In reviewing factually sufficiency of the evidence, we examine the evidence without
the prism of "in the light most favorable to the prosecution" and set aside the verdict only
if "the proof of guilt is so obviously weak as to undermine confidence in the jury's
determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed
by contrary proof." Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A factual
sufficiency review must be appropriately deferential to the verdict so as to avoid
substituting the appellate court's judgment for that of the fact finder or substantially
intruding upon the jury's role as the sole judge of the weight and credibility of testimony. 
Id. at 7. Unless the record clearly reveals that a different result is appropriate, we must
defer to the fact finder's determination concerning the weight given to contradictory
testimony. Id. at 8. 

 In cases involving the possession of an unlawful object or substance, the State must
prove that the accused knowingly possessed the contraband in question. See Brown v.
State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). The State accomplishes this with
"affirmative links" which demonstrate that the accused was "conscious of his connection
with it and knew what it was." Id. Affirmative links tend to establish "that the accused's
connection with the contraband was more than just 'fortuitous.'" Harris v. State, 994
S.W.2d 927, 933 (Tex. App.-Waco 1999, pet. ref'd).

 Courts most frequently employ the affirmative links analysis in controlled substance
cases, but the State must likewise affirmatively link the accused to a weapon which he is
alleged to have unlawfully possessed. See Corpus v. State, 30 S.W.3d 35, 37-38 (Tex.
App.-Houston [14th Dist.] 2000, pet. ref'd). The evidence used to satisfy these elements
can either be direct or circumstantial. Brown, 911 S.W.2d at 747. Factors used to
establish affirmative links include but are not limited to the accused's: (1) proximity to and
accessibility of the contraband; (2) presence when the search was executed; (3)
incriminating statements when arrested; (4) furtive gestures toward the contraband; and
(5) attempted flight. See Gill v. State, 57 S.W.3d 540, 544-45 (Tex. App.-Waco 2001, no
pet.); Derrow v. State, 981 S.W.2d 776, 779 (Tex. App.-Houston [1st Dist.] 1998, pet.
ref'd). Despite this list, there is no set formula necessitating a finding of an affirmative link,
but rather, affirmative links are established by the totality of the circumstances. See Hyett
v. State, 58 S.W.3d 826, 830-31 (Tex. App.-Houston [14th Dist.] 2001, pet. ref'd). We
adapt these factors to the present case. See Gill, 57 S.W.3d at 545 (applying factors
previously used to establish affirmative links in an illegal drug possession case and
applying them to a situation involving unlawful possession of a firearm by a felon). 

 In the present case, evidence introduced at trial affirmatively linked appellant with
the gun. Evidence included: testimony by a police officer that he saw appellant throw an
object out of his vehicle during his attempted flight from authorities; testimony from
neighbors who live near the scene of arrest that they saw a man in a vehicle matching that
of the appellant throw a handgun to the side; and testimony from those same neighbors
that on the night in question they immediately directed officers to a 9mm semiautomatic
pistol that was lying in the front of their yard.

 Accordingly, we hold that a rational trier of fact could have found the essential
elements beyond a reasonable doubt. See LaCour, 8 S.W.3d at 671. We further hold that
the proof of guilt is not so obviously weak as to undermine confidence in the jury's
determination. Johnson, 23 S.W.3d at 7. Appellant's issues challenging the sufficiency
of the evidence supporting his conviction are overruled. 

 Appellant's remaining issues on appeal argue trial court error in admitting: a
handgun, an ammunition clip, and testimony regarding said exhibits. Appellant argues this
evidence was inadmissible because the proper chain of custody was not established.

 We review a trial court's decision to admit evidence under an abuse of discretion
standard. Smith v. State, 683 S.W.2d 393, 404 (Tex. Crim. App. 1984). The trial court
does not abuse its discretion in admitting evidence where it believes that a reasonable juror
could find the evidence had been authenticated or identified. Coleman v. State, 833
S.W.2d 286, 289 (Tex. App.-Houston [14th Dist.] 1992, pet. ref'd). The rules of evidence 
provide that authentication and identification of evidence is satisfied by a showing that the
matter in question is what its proponent claims. Tex. R. Evid. 901; Mendoza v. State, 69
S.W.3d 628, 631 (Tex. App.-Corpus Christi 2002, pet. ref'd). 

 Absent evidence of tampering or commingling, theoretical breaches in the chain of
custody do not affect admissibility. Lagrone v. State, 942 S.W.2d 602, 617 (Tex. Crim.
App. 1997). Appellant directs this Court to our decision in Garner for the proposition that
because the officer failed to "tag" the gun and clip when they were seized, the evidence did
not have the degree of security and integrity as to justify its admission. See Garner v.
State, 848 S.W.2d 799, 801 (Tex. App.-Corpus Christi 1993, no writ.). 

 The question in Garner involved whether a laboratory tested syringe presented at
trial was the same syringe seized from appellant. Id. at 801-03. In Garner, unlike the
present case, multiple pieces of evidence were produced at trial challenging the degree of
security and integrity of the syringe's admission. Included among them was testimony that: 
(1) the syringe was left unguarded on an officer's desk; (2) after the syringe was tested by
the DPS it was returned in a different package, and the officer who sent it did not
remember at trial if it bore the original identification tag; and (3) the officer who had
possession of the syringe kept it in his desk for more than one year. Id. 

 In light of the evidence presented, this Court held the State failed to prove the
laboratory tested syringe was the same found on appellant "by either identifiable
characteristics, identification tags, or testimony of the syringe's whereabouts or activities"
from the time it was mailed to the DPS lab to the time the unidentified syringe was received
by the officer. Id. at 803.

 In the present case, Officer Garcia testified that on April 29, 2000, he was
responding to a chase in progress. As he drove toward where appellant had been stopped
he was waved down by people outside their homes, and directed to a weapon. He stated
those citizens "pointed out that he [appellant] had - - that he had thrown it out the window
by a gate." The officer seized the handgun which he described as a "9-millimeter Star
Cimarron." The officer testified he picked it up, locked the slide back, took out the
magazine and took out the live round in the chamber. Officer Garcia further testified he
recognized the gun presented at trial as the same one he seized because it was a "Star
firearm" and he "remember[ed] the serial number." Additional evidence presented at trial,
matched the bullet found in appellant's pocket with those in the clip seized by the officer.

 In light of this evidence, we hold the trial court did not err in admitting the handgun
and clip into evidence, nor did it abuse its discretion in permitting testimony regarding these
exhibits. Smith, 683 S.W.2d at 404. Appellant's remaining issues are overruled.

 Accordingly, the judgment of the trial court is affirmed. 

 





 

 ROGELIO VALDEZ

 Chief Justice

Do not publish.

Tex. R. App. P. 47.2(b).

Opinion delivered and filed

this 21st day of August, 2003.
1. Appellant's first two issues challenge the legal and factual sufficiency of the
evidence supporting his conviction. His sixth issue argues that the trial court erred in
denying his motion for directed verdict or acquittal. A challenge to the trial court's ruling
on a motion for directed verdict is, in reality, a challenge to the sufficiency of the evidence. 
See Madden v. State, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990). As such, we address
issue six with the sufficiency challenges raised in issues one and two. 
2. This Court recognizes appellant's challenges to the sufficiency of the evidence
address only the "possession" element of the applicable statute. Tex. Pen. Code Ann.
46.04 (Vernon 2003).