COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-07-152-CR

 

 

JOHNNY GASCA                                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM 297TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Johnny Gasca appeals his conviction for felony
repetition driving while intoxicated.  In
two points, he complains that alcohol content evidence was not properly
authenticated and that the trial court failed to instruct the jury to disregard
any evidence that it believed was illegally obtained.  We affirm.








                                            Background

Fort Worth Police Officer Mark Macy testified
that one night when he was on patrol, he turned his patrol car onto a
residential street and saw oncoming headlights in his lane of traffic.  He swerved to the right-hand curb line and
let the other vehicle pass.  When asked
what traffic violations the vehicle=s driver
had committed, Officer Macy answered, A[D]riving
on the wrong side of the road, failed to yield right-of-way, unsafe movement,
[and] unsafe lane change or passing.@  He turned around, followed the car, and
caught up to it as it entered a convenience store parking lot.  Officer Macy activated his lights, pulled in
behind the car, and called for backup after detecting a strong odor of alcohol
and approaching the driver, who appeared very unsteady and disoriented with slurred
speech and bloodshot eyes.  He identified
Appellant as the car=s driver.  

Officers Brian Farmer and Rudy Cantu responded to
the call for backup.  Officer Farmer
testified that he conducted field sobriety tests, determined that Appellant was
intoxicated, and arrested him. 








Officer Cantu testified that he transported
Appellant to the jail.  At the jail, he
read Appellant the statutory warnings. 
Appellant refused to give a breath specimen and offered to give a blood
specimen instead.  Officer Cantu drove
Appellant to the hospital.  At the
hospital, Appellant signed a consent to draw blood.  Officer Cantu testified that he watched a
nurse draw the blood and fill the vials from a DWI kit, which Officer Cantu
then sealed in an envelope.  He said
Joseph Cooper, the nurse who drew the blood, signed the consent form on the
appropriate line.  Officer Cantu
testified that he then secured the vials in a refrigerator in the police
department=s secure property room.  The trial court admitted the DWI kit into
evidence, and Officer Cantu identified his own handwriting and Cooper=s
initials on the vials= sealing stickers. 

Cooper testified that when working in the Arapid
assessment room@ at John Peter Smith Hospital,
he typically draws blood from four patients an hour.  He identified his signature on the consent
form and his signature on the blood vials= sealing
stickers.  He said that he had no
recollection of the events of the night in question and that he could not
identify Appellant, but he testified that his signature on the form meant that
he drew Appellant=s blood. 

Elizabeth van Munchrath, a senior forensic
scientist with the police department crime lab, testified that she tested
Appellant=s blood sample and found it to
contain 0.24 grams of ethyl alcohol per 100 milliliters of whole blood.  She testified that when she received the
vials, they were sealed and showed no evidence of tampering and that the
offense number on the vials matched the offense number on the offense report. 








The parties stipulated in writing that before the
charged DWI, Appellant had been twice convicted of DWI.  The jury found him guilty, and the trial
court assessed punishment at forty-five years=
confinement.  This appeal followed.

                                 Admission
of blood evidence

In his first issue, Appellant argues that the
trial court abused its discretion by overruling his objection to the physical
evidence of the blood test and the lab results because the State failed to
establish a chain of custody for the blood evidence.  Specifically, Appellant argues that Cooper=s
inability to recall drawing Appellant=s blood
on the night in question means there is no proof of the beginning of the chain
of custody.

Rule 901(a) provides that A[t]he
requirement of authentication or identification as a condition precedent to
admissibility is satisfied by evidence sufficient to support a finding that the
matter in question is what its proponent claims.@  Tex. R. Evid.
901(a).  Proof of the beginning and end
of the chain will support admission of the evidence barring any showing of
tampering or alteration.  See Stoker
v. State, 788 S.W.2d 1, 10 (Tex. Crim. App. 1989), cert. denied, 498
U.S. 951 (1990).  We review a trial court=s
evidentiary rulings for an abuse of discretion. 
Sauceda v. State, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004).








Here, Officer Cantu testified that he watched
Cooper draw Appellant=s blood and that he sealed the
blood vials.  Cooper testified that
although he did not remember Appellant or drawing his blood, his signature on
the consent form meant that he did draw Appellant=s blood,
and he identified his signature on the vials= sealing
stickers.  There is no evidence of
tampering.  We hold that this evidence is
sufficient to establish the beginning of the chain of custody.








Appellant cites Brown v. State, 240 S.W.2d
310 (Tex. Crim. App. 1951), and Garner v. State, 848 S.W.2d 799 (Tex.
App.CCorpus
Christi 1993, no pet.), in support of his argument.  Those cases are distinguishable.  In Brown, the court of criminal
appeals held that the State failed to establish a chain of custody in a DWI
case when the nurse who drew the defendant=s blood
did not testify and there was no evidence that the blood drawn by the nurse was
the same blood a doctor later sent to a lab. 
240 S.W.2d at 310B11.  In this case, the nurse who drew the blood
testified, and his signature and Officer Cantu=s
handwriting on the vial seals proved that the blood Cooper drew from Appellant
was the blood tested by van Munchrath. 
In Garner, the Corpus Christi court held that the State had
failed to establish a chain of custody when a syringe found on the defendant
was not immediately placed in a container or tagged.  848 S.W.2d at 800.  There is no evidence of such a lapse in this
case.  Officer Cantu testified that he
sealed and labeled the vials immediately after Cooper drew Appellant=s blood.

We hold that the trial court did not abuse its
discretion by admitting the blood evidence over Appellant=s chain
of custody objection, and we overrule his first point.

                                    Article
38.23 instruction

In his second point, Appellant argues that the
trial court erred by refusing his request to instruct the jury to disregard the
blood evidence if it believed, or had a reasonable doubt, that the evidence was
obtained illegally because other evidence raised a fact question about Officer
Macy=s stated
basis for stopping Appellant, i.e., Appellant=s
violation of the transportation code by driving on the wrong side of the road.








Under article 38.23 of the code of criminal procedure, no
evidence obtained in violation of the federal or state constitutions or laws
may be admitted; and when the evidence raises an issue regarding a violation,
the jury must be instructed that if it believes, or has a reasonable doubt,
that the evidence was obtained in violation of the law, it must disregard the
illegally obtained evidence.  Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005). A
defendant=s right to the submission of jury
instructions under article 38.23(a) is limited to disputed issues of fact that
are material to his claim of a constitutional or statutory violation that would
render evidence inadmissible.  Madden
v. State, 242 S.W.3d 504, 509B10 (Tex. Crim.
App. 2007).  To raise
a disputed fact issue warranting an article 38.23(a) jury instruction, there
must be some affirmative evidence that puts the existence of that fact into
question.  Id. at 513.  A cross‑examiner=s
questions do not create a conflict in the evidence, although the witnesses=s
answers to those questions might.  Id.
(citing Garza v. State, 126 S.W.3d 79, 86B87 &
n.3 (Tex. Crim. App. 2004) (holding defense cross‑examination of police
officers who consistently denied defense suggestion of impropriety did not
raise factual dispute)); Wells v. State, 730 S.W.2d 782, 786 (Tex. App.CDallas
1987) (noting that Aremarks by counsel are not
evidence@ and A[q]uestions
put to a witness are not evidence. The answers and not the questions are
determinative@), pet. ref=d, 810
S.W.2d 179 (Tex. Crim. App. 1990).








Here, Appellant points to his cross-examination
of Officer Macy as justifying an article 38.23(a) instruction.  Officer Macy agreed that driving on the wrong
side of the road is permissible under the transportation code when an obstruction
on the roadway poses an immediate hazard and necessitates moving the vehicle
left of the roadway=s center and the operator yields
the right-of-way to a vehicle moving in a proper direction on the unobstructed
portion of the roadway.  See Tex. Transp. Code Ann. '
545.051 (Vernon 1999).  But when asked
about other vehicles and potholes on the streetCeither
of which might be an obstructionCOfficer
Macy testified that he did not recall. 
Appellant points to no other testimony as raising a conflict in the
evidence regarding the basis for the stop.

Officer Macy=s
nonconfirmatory answers to Appellant=s
questions on cross-examination are insufficient to raise a disputed fact issue
warranting an article 38.23(a) jury instruction.  See Madden, 242 S.W.3d at
513.  We therefore hold that the trial
court did not err by refusing the instruction, and we overrule Appellant=s second
point.

                                             Conclusion

Having overruled both of Appellant=s points,
we affirm the trial court=s judgment.

PER
CURIAM

 

PANEL:  GARDNER, J.; CAYCE, C.J.; and MCCOY, J.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  August 29, 2008











[1]See Tex. R. App. P. 47.4.