Affirmed and Memorandum Opinion filed December 14, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00753-CR

___________________

 

Vicente Jesus Ramirez, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 400th District Court

Fort Bend County,
Texas



Trial Court Cause No. 47894

 



 

 

MEMORANDUM OPINION

            Appellant Vicente Jesus Ramirez appeals his conviction
for intoxication manslaughter. In his sole issue on appeal, appellant contends
the trial court erred in denying his request to include a concurrent cause
instruction in the jury charge. We will affirm.

BACKGROUND

            Appellant
was driving westbound on a two-lane highway when he collided head-on with
another vehicle, killing the other driver. The accident occurred at around 7:45
p.m. on August 13, 2007, as the sun was setting. Appellant admitted to
emergency personnel on the scene that he had consumed five beers that night. His
medical records confirmed a blood alcohol level in excess of 0.300 nearly an
hour after the collision.

            Appellant
admitted that he was attempting to pass another vehicle when he collided with
the complainant in the oncoming lane of traffic. State Trooper Glen Welters,
who investigated the crash, determined that the cause of the accident was
appellant’s intoxication. Trooper Welters testified that he reached this
conclusion based on the following factors: (1) appellant had consumed
several alcoholic beverages on the night of the accident; (2) the accident
occurred on a straight and unobstructed roadway; (3) appellant attempted
to pass another vehicle in a no-passing zone with an intersection approaching;
and (4) appellant failed to brake or otherwise take evasive action just
before the crash.

            Defense
counsel questioned Trooper Welters whether the accident could have been caused independently
by appellant’s impaired vision, on account of the sun shining in his eyes.
Trooper Welters answered that he did not know the precise angle or position of
the sun at the time of the accident, and thus could not testify to such a
cause. However, Trooper Welters did testify that if appellant’s vision were
indeed impaired, his decision to pass another vehicle would be further evidence
of intoxication because, under those conditions, passing a vehicle is
inherently unsafe. Defense counsel also questioned whether the accident was caused
by appellant’s attempt to evade a collision, positing that appellant drove toward
the shoulder on the complainant’s side of the road after realizing that he
could not safely pass on his own side. Trooper Welters said that he considered
the possibility of that cause, but found no evidence of it during his
investigation. The more “logical evasive action,” he testified, “would have
been to apply brakes and move back into his own lane.” When finally asked
whether the accident could have occurred if appellant were not intoxicated,
Trooper Welters replied, “In my opinion, I don’t believe so.”

In a conference over the
proposed jury charge, appellant requested that the charge include the following
language, quoting Wooten v. State: “It is not enough that operation of a
motor vehicle, even when operated by an intoxicated person, causes death; rather,
the State must prove that a defendant's intoxication caused the fatal result.” 267
S.W.3d 289, 295 (Tex. App.—Houston [14th Dist.] 2008, pet. ref’d). The trial
court denied the request. Appellant did not specifically petition the trial
court to include an instruction under section 6.04(a) of the Texas Penal Code.

The jury found appellant
guilty and assessed punishment at ten years’ confinement. Appellant now
challenges his conviction because the jury charge did not include a concurrent
cause instruction.

DISCUSSION

            A.        Standard of Review

            Our
method for reviewing a claim of jury charge error is prescribed by Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g), overruled
on other grounds by Rodriguez v. State, 758 S.W.2d 787, 788 (Tex.
Crim. App. 1988). See also Tex. Code Crim. Proc. Ann. art. 36.19 (West
2010). We must first determine whether error exists in the jury charge. Hutch
v. State, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If the charge is
erroneous, we must then determine whether the charge caused sufficient harm so
as to require reversal. Id. at 170–71. The degree of harm necessary for
reversal depends upon whether error was actually preserved. Almanza, 686
S.W.2d at 171. Error properly preserved will call for reversal so long as the
error is not harmless. Id. If error was not preserved, the accused is
entitled to a reversal only if he suffered egregious harm. Id.

            B.        Analysis

            The
Penal Code provides that a person is criminally responsible “if the result
would not have occurred but for his conduct, operating either alone or
concurrently with another cause, unless the concurrent cause was clearly
sufficient to produce the result and the conduct of the actor clearly insufficient.”
Tex. Penal Code § 6.04(a) (West 2010). An accused is entitled to an
instruction on every defensive issue, including one of concurrent causation, so
long as the issue is raised by the evidence. Bell v. State, 169 S.W.3d
384, 394–95 (Tex. App.—Fort Worth 2005, pet. ref’d). To raise an issue under Section
6.04(a), the evidence must show that the concurrent cause was clearly
sufficient by itself to produce the result, and the actor’s conduct clearly
insufficient. Id. The concurrent cause must be “another cause” in
addition to the actor’s conduct, i.e., an “agency in addition to the actor.” Robbins
v. State, 717 S.W.2d 348, 351 n.2 (Tex. Crim. App. 1986). 

            We
conclude that the evidence did not entitle appellant to an instruction under Section
6.04(a). Defense counsel questioned Trooper Welters on several external factors
in an attempt to introduce evidence that the collision might have resulted from
a concurrent cause. Questions, however, do not amount to evidence. Kercho v.
State, 948 S.W.2d 34, 37 (Tex. App.—Houston [14th Dist.] 1997, pet. ref’d).
Only the answers of witnesses are determinative. Wells v. State, 730
S.W.2d 782, 786 (Tex. App.—Dallas 1987), pet. ref’d, 810 S.W.2d
179 (Tex. Crim. App. 1990). In this case, the witness testimony established
that the sole cause of the accident was appellant’s intoxication. Trooper
Welters immediately dismissed every suggestion on counsel’s part that the
accident may have resulted from anything else. Trooper Welters found no
evidence that the crash was the result of appellant taking evasive action.
Trooper Welters also declined to testify that the crash could have been influenced
by the setting sun. We observe that even if the sun had been in his eyes,
appellant still failed to submit any evidence that his visual impairment would
have been clearly sufficient to cause the accident.

            Because
the evidence does not raise the issue of concurrent causation, we find no error
in the jury charge and do not reach the merits of appellant’s harm argument.
Appellant’s sole issue is overruled, and the judgment of the trial court is
affirmed.

            

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Justices
Seymore, Boyce, and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).